ROBERT TAYLOR v. R. L. BAILEY

No. 7629SC1031

(Filed 19 October 1977)

1. **Vendor and Purchaser § 3— contract to convey land — reference to deed of trust — description of land sufficient**

    In an action for the specific performance of a contract to convey land, the description contained in the contract, though not a metes and bounds description, was sufficient to meet the requirements of the statute of frauds, since the description gave the acreage and referred to a deed of trust, naming the parties and the date thereof, in which the land was described with particularity.

2. **Vendor and Purchaser § 3— contract to convey land — latent ambiguity in description**

    In an action for the specific performance of a contract to convey land where the description of the land was given only by reference to a deed of trust, plaintiff's evidence effectively removed the latent ambiguity of the contract where the deed of trust referred to in the contract was admitted into evidence without objection; defendant, called as an adverse witness, testified that the property described in the deed of trust was the property which was the subject of the con-

tract; and defendant testified that he knew the reference to Buncombe County in the contract was in error, that the property was in Henderson County, and that plaintiff knew that also.

**3. Vendor and Purchaser § 2— contract to convey land—time of settlement—time not of the essence**

In an action for the specific performance of a contract to convey land, defendant's contention that plaintiff could not prevail because time was of the essence of their agreement is without merit where the evidence tended to show that settlement under the contract, which was dated October 3, should take place on or before October 15; plaintiff, upon execution of the contract to convey, immediately employed a surveyor to survey the property as provided in the agreement; there was a problem which resulted in the surveyor not finishing his work until late in the afternoon of October 15; plaintiff informed defendant of the problem on the morning of the fifteenth; when the surveyor completed his work and plaintiff attempted to reach defendant, defendant was unavailable; and plaintiff was ready, willing and able to complete the terms of the contract on that day.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 26 August 1976 in Superior Court, HENDERSON County. Heard in the Court of Appeals 21 September 1977.

Plaintiff, by this action, seeks to have defendant specifically perform a contract for the sale of land entered into by the parties on 3 October 1975. Defendant, by answer, admits the execution by him of the contract, but takes the position that the instrument is void because the description is totally inadequate and that, if not void, the plaintiff's failure to perform by 15 October 1975 would operate to nullify the agreement since time was of the essence.

The matter was heard by the court sitting without a jury, and judgment was entered requiring that defendant specifically perform his obligation under the contract to convey upon plaintiff's payment of the purchase price in accordance with the terms and conditions applicable to the purchase price.

Other facts are set out in the opinion.

*Long, McClure and Dodd, by Jeff P. Hunt, for plaintiff appellee.*

*S. Thomas Walton for defendant appellant.*

MORRIS, Judge.

[1] Defendant first contends that the court erred in denying his motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, made in his answer and at trial. This contention is the subject of his assignments of error Nos. 1 and 2. He argued at

trial and argues on appeal that the complaint fails to state a claim upon which relief can be granted for the reason that the description contained in the contract to convey is fatally defective thus rendering the contract insufficient to meet the requirements of the statute of frauds and therefore void.

The description in the contract is as follows:

"All of that certain tract or parcel of land, situate, lying and being in the Township of Hoopers Creek, County of Buncombe, State of North Carolina, and being described as follows:

Containing 24.75 acres and being tracts 1, 2, and 3 described in deed of trust dated March, 1974—mortgagor, George W. Moore, Mortgagee, Fred L. Hyatt, Jr., and wife, Jumelia M. Hyatt, with all the rights and easements appertaining thereto, but subject to restrictions, reservations and conditions of record."

In *Kidd v. Early*, 289 N.C. 343, 353, 222 S.E. 2d 392 (1976), Chief Justice Sharp, speaking to the question of whether the description contained in an option to purchase lands was sufficient to meet the requirements of the statute of frauds, said:

"When a description leaves the land 'in a state of absolute uncertainty, and refers to nothing extrinsic by which it might be identified with certainty,' it is patently ambiguous and parol evidence is not admissible to aid the description. The deed or contract is void, *Lane v. Coe, supra* [262 N.C.], at 13, 136 S.E. 2d at 273. Whether a description is patently ambiguous is a question of law. *Carlton v. Anderson*, 276 N.C. 564, 173 S.E. 2d 783 (1970). 'A description is . . . latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made.' *Lane v. Coe, supra*, at 13, 136 S.E. 2d at 273."

*See also Prentice v. Roberts*, 32 N.C. App. 379, 232 S.E. 2d 286 (1977).

Defendant argues that the description before us for construction is clearly patently ambiguous. We cannot agree. True, there is no metes and bounds description. However, the description gives the acreage and refers to a deed of trust, naming the parties and the date thereof, in which the land is described with particularity. This is adequate to satisfy the "something extrinsic by which identification might possibly be made." Further, the complaint locates the property in Henderson County. Attached to the complaint is a copy of the contract which set out the terms and conditions, the purchase

price, method of payment, date of closing, etc. The complaint is clearly sufficient to satisfy the "notice" concept of pleading adopted by the North Carolilna Rules of Civil Procedure. *See Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

Defendant also argues, as a basis for his Rule 12(b)(6) motion, that "the complaint does not give the defendant the legal protection for the application for (sic) the doctrine of *res judicata* should the plaintiff attempt to pursue another cause of action against the defendant for a specific performance to property located in Henderson County, described in Deed Book 519 on page 299 in the Henderson County Registry." This argument is clearly feckless. Paragraph 3 of the complaint alleges that the contract sought to be enforced was entered into on 3 October 1975, between plaintiff and defendant, whereby defendant agreed to convey real estate in Henderson County more fully described in Book 519, at page 299, Henderson County Registry. On the same date the complaint was filed, plaintiff filed notice of lis pendens in which the property which is the subject of the litigation was described by metes and bounds.

[2]　Defendant next urges that the court erred in denying his motion for involuntary dismissal at the close of plaintiff's evidence and incorporates his argument with respect to assignments of error Nos. 1 and 2, and he designates this assignment as No. 1A. The deed of trust referred to in the contract was admitted into evidence without objection. Defendant, called as an adverse witness, testified that he gave the plaintiff the deed of trust so that plaintiff could prepare the contract, that the property described in the deed of trust is the property which was the subject of the contract, that he knew the reference to Buncombe County was in error and that the property is in Henderson County, and plaintiff knew that also. Plaintiff's evidence effectively removed the latent ambiguity of the contract and was sufficient to support the court's findings of fact. This assignment of error is also overruled.

[3]　Defendant further contends that plaintiff cannot prevail because time was of the essence of the agreement upon which plaintiff sues. The only reference to time in the contract was this sentence: "It is agreed that settlement under this contract shall be completed on or before October 15, A.D., 1975." Immediately following that sentence appears the following:

"CONDITIONS OF CONTRACT

1. Subject to facts revealed by Attorneys Title Opinion and survey of property."

In *Cadillac-Pontiac Co. v. Norburn*, 230 N.C. 23, 24, 51 S.E. 2d 916 (1949), the language with respect to time of performance was: "It is agreed that settlement under this contract shall be completed on or before November 20, A.D. 1945." In speaking to defendant's claim that time was of the essence and plaintiff had not performed within the time allotted, the Court said that it did "not appear that time was the essence of the agreement as it often is in a mere option. . . . The agreement itself is not worded to avoid the contract altogether or expressly vitiate it, if settlement is not made at that time." *Cadillac-Pontiac Co. v. Norburn, supra* at 28, 29.

Additionally, here the parties expressly contemplated a title check and a survey of the property. It is obvious to us as it must have been to the parties, that the period from 3 October to 15 October included two weekends. The court found as a fact that "the plaintiff, upon execution of said contract to convey, immediately employed a registered and certified surveyor to survey the property which is the subject of the contract to convey, to wit: Surveyor, J. Glenn Haynes." Defendant does not except to this finding and the evidence supports it. Plaintiff's title attorney testified that he was employed to examine the title and that several days before the 15th he advised plaintiff that there was a problem which would require the result of the survey in order for him to be able to certify the title. Plaintiff testified that he communicated this problem to defendant on the morning of the 15th; that he told defendant the surveyor was on the property and would finish in the afternoon; that the surveyor completed his work at 4:45; that he talked to defendant's secretary at 6:00 and told her what had happened and she said she would try to reach defendant at home; that plaintiff made 5 or 6 attempts to reach defendant on the 15th but could not up to 10:00 that night.

The court found

"That the defendant himself testified that he is in the real estate business in Buncombe County, North Carolina; and, that he has been dealing in real property for a period of at least fifteen (15) years; and, as such, said defendant knew or should have known that a survey of said property involved could, within the realm of common experience in said matters, take longer than the period of time between October 3, 1975, and October 15, 1975, to complete." and

"That there is no evidence that the plaintiff tarried or delayed; but, on the contrary, he withdrew his money on October 15,

1975, from the Wachovia Bank and Trust Company, and he stood ready, willing and able to complete the terms and conditions of said contract as said terms and conditions applied to him on that date; and, he is, in fact, now ready, willing and able to complete said terms and conditions of said contract as they apply to him."

The evidence is sufficient to support these findings.

Finally defendant contends the court erred in signing the judgment directing defendant "to deliver to the plaintiff a warranty deed conveying the property in question, in fee simple, and that said defendant specifically perform" all the terms and conditions of the contract upon plaintiff's performance of all the conditions required of him. Defendant bases this contention upon the statement in his brief that defendant's wife was not a party to the contract and "not subject to the jurisdiction of this court." It is perfectly obvious that defendant's wife is not a party to the contract and is not a party defendant in the lawsuit. It is just as obvious that the court has not attempted to order her to do anything. Defendant, by his contract, agreed to "execute and deliver to the Purchaser, or assignee, a good and sufficient deed, in fee simple, conveying said lands and premises, free from all liens and encumbrances, except as herein provided. . .". This is what the court has required him to do. If he cannot, or does not, the question of damages is the subject of another lawsuit.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.