BOBBY W. HOUSE v. MABLE LEE STOKES AND WIFE, LILLIE MAE STOKES

No. 839SC180

(Filed 21 February 1984)

**Vendor and Purchaser § 3.1— contract to convey—sufficiency of description—latently ambiguous**

> In an action in which plaintiff sought specific performance of a contract to convey, the trial court properly entered judgment in favor of plaintiff where the contract was in writing and signed by all parties, and where the description in the contract to convey was latently ambiguous but was capable of being rendered certain by the survey to which it referred.

APPEAL by defendants from *Bailey, Judge.* Judgment entered 2 November 1982 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 18 January 1984.

The question in this case is whether an option contract, with an indefinite description of land, incorporated by reference a land survey and map, so as to render the description valid and the contract enforceable under the statute of frauds.

The facts, as found by the trial court, are, in essence:

On 20 October 1981, defendants, the owners of approximately thirteen acres of land in Cedar Rock Township, Franklin County, orally agreed with plaintiff to sell approximately eleven of the thirteen acres for $10,000. On 20 October, plaintiff gave defendants a check for $200.00 as a deposit on the land.

On 2 November 1981, plaintiff paid defendants an additional $800.00. Also on that date, the parties entered into and signed a written contract providing:

## AGREEMENT

TO WHOM IT MAY CONCERN:                              November 2, 1981

I, Mable Lee Stokes, and Lillie Mae Stokes, received $200.00 option on October 20, 1981 on 11 acres of land, more or less, in Franklin County, N.C. from Bobby W. House.

$800.00 paid as additional option on November 2, 1981, making a total option of $1,000.00. Option is good till 45 days, thereafter, balance due on or before December 17, 1981 in the amount of $9,000.00 for a total purchase price of $10,000.00.

Sellers: Mable Lee Stokes and Lillie Mae Stokes agree to pay for deed and land surveys on two acres, more or less. These two acres include a house. These two acres, more or less, to be divided out of the 13 acres more or less, leaving 11 acres, more or less to buyer.

Buyer: Bobby W. House agree to pay for deed land surveys and maps to the 11 acres, more or less. It is further stated that the sellers, Mable Lee Stokes and Lillie Mae Stokes are to furnish a clean deed and to be free of all liens to the 11 acres, more or less.

It is further stated that the sellers, Mable Lee Stokes and Lillie Mae Stokes, have in writing to the buyer, Bobby W. House, will have the first option or refusal on said two acres of land, more or less, including house, if and when said land and house is sold, given away, or disposed of in any manner.

On 20 November 1981, a registered land surveyor, employed by plaintiff, surveyed the thirteen acre tract. The land survey showed and the parties agreed that plaintiff would purchase 11.32 acres and defendants would retain 1.58 acres. The 1.58 acre tract included a house in which defendant, Mable Stokes' parents lived.

Prior to 17 December, the expiration date of the option, plaintiff tendered payment of the $9,000.00 balance due. Defendants refused to execute and deliver a deed to plaintiff.

The trial court found that the contract between the parties was valid and that plaintiff, having performed his part of the bargain, was entitled to specific performance. The court ordered defendants to convey fee simple title to the 11.32 acres designated on the land survey upon plaintiff's payment of the $9,000.00 balance.

*Davis, Sturges and Tomlinson, by Charles M. Davis, for the plaintiff appellee.*

*Frank W. Ballance, Jr., for defendant appellants.*

VAUGHN, Chief Judge.

Defendants contend that the trial court erred in denying their motions for summary judgment and dismissal and in grant-

ing judgment for plaintiff since the contract between the parties was void under the statute of frauds, G.S. 22-2. We find no error.

Pursuant to G.S. 22-2, a contract to convey land is void unless the contract, or some memorandum or note thereof, is put in writing and signed by the party to be charged therewith. The writing must contain a description of the land to be conveyed, certain in itself, or capable of being rendered certain by reference to an external source referred to therein. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976); *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964).

There is no question that the contract in this case was in writing and signed by all the parties. The question is whether the contract was patently ambiguous, and, therefore, void under the statute of frauds. A description is patently ambiguous when it leaves the subject of the contract, the land, in a state of absolute uncertainty and refers to nothing extrinsic by which the land might be identified with certainty. Parol evidence is inadmissible and the contract in such case is void. *Bradshaw v. McElroy*, 62 N.C. App. 515, 302 S.E. 2d 908 (1983). The question of patent ambiguity is one of law for the court. *Kidd v. Early, supra.* Had the contract in this case contained no reference to an extrinsic document, we would agree with defendants that the contract was patently ambiguous. The contract provided that defendants, sellers, received payment from plaintiff, purchaser, as an option "on 11 acres of land, more or less, in Franklin County." Under this provision, the location of the land was undeterminable and nowhere within the contract itself was the land described more accurately. The contract, however, also provided that plaintiff "agree[s] to pay for deed land surveys and maps to the eleven acres, more or less." The contract, through this provision, incorporated by reference an external document by which identification of the land could be made certain. This internal reference rendered the contract latently, rather than patently ambiguous.

A description is latently ambiguous if it is insufficient, by itself, to identify the land, but refers to something external by which identification might be made. *Bradshaw v. McElroy, supra.* The reference must be to another document; that two documents refer to the same subject matter does not make them part of the same contract. *Fuller v. Southland Corp.*, 57 N.C. App. 1, 290 S.E.

2d 754, *review denied,* 306 N.C. 556, 294 S.E. 2d 223 (1982). The connection between documents must be clear and cannot be shown by extrinsic evidence. *Smith v. Joyce,* 214 N.C. 602, 200 S.E. 431 (1939).

It is not ground for objection that the survey was prepared subsequent to the execution of the contract. *Kidd v. Early, supra.* The facts in this case are not unlike those in the *Kidd* case, wherein, an option contract contained the following description of the land: "a certain tract or parcel of land located in Monroe Township, Guilford County, North Carolina, and described as follows: 200 acres more or less of the C. F. Early farm. To be determined by a new survey furnished by sellers." *Id.* at 353, 222 S.E. 2d at 400. The court found that this description was latently ambiguous, but that, had there been no reference to the survey, it would have been patently ambiguous. *Id.* The description of the land in the case *sub judice,* which referred only to eleven acres, more or less, in Franklin County, was ambiguous, but like the description in the *Kidd* case, was capable of being rendered certain by the survey to which it referred.

We are aware that the Restatement of Contracts and several other jurisdictions have adopted a more liberal interpretation regarding the proof necessary to show the connection between documents allegedly comprising a single contract. *See* Restatement (Second) Contracts § 132, comment a (1979); *Crabtree v. Elizabeth Arden Sales Corp.,* 305 N.Y. 48, 110 N.E. 2d 551 (1953); *Young v. Independent Publishing Co.,* 273 S.C. 107, 254 S.E. 2d 681 (1979); Williston on Contracts, §§ 581-584 (3d ed. 1961) (and cases cited therein). Under the more liberal interpretation, explicit incorporation by reference is unnecessary and extrinsic evidence may be used to show the connection between writings referring to the same transaction or subject matter. Our holding does not go this far. Since the contract in this case explicitly referred to the land survey plaintiff thereafter furnished, we need not rely on extrinsic evidence to show the connection.

Although, generally, extrinsic evidence is not allowed in this state to show the connection between two documents, once the connection is shown to exist, extrinsic evidence *is* admissible to explain or refute identification of the land therein described. *Bradshaw v. McElroy, supra.* The evidence in this case shows that

in 1981, defendants owned a thirteen acre tract of land in Franklin County. On or about 1 November 1981, defendants came to plaintiff's residence in Franklin County and asked plaintiff if he wanted to purchase said thirteen acre tract, which adjoined plaintiff's property. Plaintiff responded affirmatively. Defendant Mr. Stokes' parents, however, lived in a house on the tract, and defendant wanted to ensure that his parents could retain a life interest in the house and surrounding land. Plaintiff told defendants that he was interested in purchasing their land, but uninterested in purchasing the house and surrounding land. The parties, thereupon, agreed that plaintiff would purchase a tract of approximately eleven acres, more or less, to be divided out of the thirteen acre tract and that defendants would retain title to a tract of approximately two acres surrounding the house. On 2 November the parties executed a written option contract confirming their oral agreement. Pursuant to such contract, plaintiff hired a registered land surveyor, who surveyed the thirteen acre tract and divided it into a 11.32 acre parcel for plaintiff and a 1.58 acre parcel for defendant, such parcel to include the house. Defendant agreed with and approved of the survey results. Plaintiff's testimony was corroborated by Mr. Gene Bobbit, the registered land surveyor, who testified that he delivered the survey and maps to defendant, Mr. Stokes, who voiced approval.

Plaintiff also submitted into evidence an unsigned deed he had prepared in anticipation of the conveyance, describing the same parcel of land as that in the survey. Also submitted into evidence were two checks, one for $200 and one for $800, drawn by plaintiff and endorsed by defendants. On such checks, plaintiff had written the notation, "option on 11 acres of land," and defendant had endorsed one of the checks with the notation "45 day option." Defendant presented no evidence. The evidence in this case supports the conclusion that defendant intended to convey to plaintiff 11.32 acres of land in Franklin County, described in the incorporated survey.

> The presumption is strong that a description which actually corresponds with an estate owned by the contracting party is intended to apply to that particular estate. . . . When all the circumstances óf possession, ownership, and situation of the parties, and of their relation to each other and the property, as they were when the negotiation took

place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement.

*Hurdle v. White,* 34 N.C. App. 644, 649-650, 239 S.E. 2d 589, 593 (1977), *cert. denied,* 294 N.C. 441, 241 S.E. 2d 843 (1978), *quoting Lewis v. Murray,* 177 N.C. 17, 20-21, 97 S.E. 750, 752 (1919). The evidence adduced at trial removed the latent ambiguity in the description, thus, rendering the contract valid and enforceable.

There were plenary facts in the record to support the trial court order of specific performance. The statute of frauds was designed to guard against fraudulent claims supported by perjured testimony; it was not meant to be used by defendants to evade an obligation based on a contract fairly and admittedly made. *Manhattan Fuel Co., Inc. v. New England Petroleum,* 422 F. Supp. 797 (S.D.N.Y. 1976).

Affirmed.

Judges WEBB and JOHNSON concur.