DOUGLAS P. DETTOR AND WIFE, ELIZABETH K. DETTOR v. BHI PROPERTY
    COMPANY NO. 101, A LIMITED PARTNERSHIP; AND BORUM AND
    ASSOCIATES, INC., AND MARVIN L. BORUM

No. 420A88

(Filed 8 June 1989)

Reformation of Instruments § 7— intent of parties as to acreage in deed—mutual
    mistake—summary judgment improper
        In an action seeking reformation of a deed to reflect the true acreage of
    the tract conveyed and specific performance of the buyer's contractual obliga-
    tion to pay for the excess acreage, a genuine issue of material fact was
    presented as to the intention of the parties where the contract of sale de-
    scribed the property as being approximately 12 acres, designated the purchase
    price as "$225,000.00 ($18,750.00 per acre)," and provided for an adjustment in
    purchase price of $18,750.00 per acre using the difference between actual
    acreage and 12 acres; a surveyor hired by the sellers certified the property to
    contain 12.365 acres when it actually contained 17.147 acres; the deed stated
    that the parcel contained "12.365 acres, more or less," and the purchase price
    was adjusted to account for the extra .365 acre; plaintiff sellers presented

evidence that the parties understood the transaction to be a per acre sale of all of plaintiffs' property south of a 10-acre tract already owned by defendant buyer and north of a creek; and defendant buyer presented evidence that the parties intended to contract for approximately 12 acres and never anticipated that the tract might contain substantially more than 12 acres, that the provision for an adjustment in the purchase price using the difference between the actual acreage and 12 acres was intended merely to cover any minor deviations in acreage, and that there was never an agreement to purchase all of the land without regard to the final acreage. Therefore, the trial court erred in entering partial summary judgment for defendant buyer and ordering a reconveyance of a portion of the land to plaintiff sellers.

Justice WEBB dissenting.

APPEAL by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 91 N.C. App. 93, 370 S.E. 2d 435 (1988), which affirmed partial summary judgment in favor of defendant BHI Property Company No. 101, filed 21 November 1986, and confirmation order, filed 21 October 1987, by *Mills, J.,* in Superior Court, GUILFORD County. Heard in the Supreme Court 10 April 1989.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith and John A. Dusenbury, Jr., for plaintiff-appellants.*

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., for BHI Property Company No. 101, defendant-appellee.*

MARTIN, Justice.

The sole issue for consideration in this land dispute is whether the trial court erred in granting partial summary judgment for defendant BHI Property Company No. 101 (BHI) and ordering reconveyance of a portion of the real estate to plaintiffs. Because we find there to be a genuine issue of material fact as to the intention of the parties, we hold that summary judgment was inappropriate. Accordingly, we reverse the Court of Appeals.

The record reveals that in the fall of 1985 plaintiffs and defendant BHI entered into a contract for the sale of a certain portion of plaintiffs' land located in the Triad Industrial Park area of western Guilford County. The contract described the property as " ± 12 acres and highlighted in yellow on Exhibit A attached hereto, and more particularly described on Exhibit B attached

hereto." Exhibit A, a contour map, showed property adjoining a ten-acre parcel previously purchased by BHI from Richardson Corporation and descending to a creek just south of a sewer line. Exhibit B identified the property as "a tract of land containing approximately 12 acres, and bounded on the North by the lands of Richardson Corporation, Lot Number 51, on the West by the lands of Crown Bedding and Furniture Company and Richardson Corporation, et als., and on the East by Triad Industrial Park, Section 13, Lot 13, Plat Book 12, Page 109, et als., and on the South by a creek."

The contract designated the purchase price as "$225,000.00 ($18,750 per acre)," and further provided that "[t]he purchase price of the 12 acre tract is to be adjusted by Eighteen Thousand, Seven Hundred Fifty ($18,750.00) Dollars per acre, up or down, using the difference in actual acreage and 12 acres, and the balance of said purchase price is to be paid to the Sellers at closing." The contract also stated that "[t]he property shall be surveyed by a North Carolina Registered Surveyor at the expense of the Sellers and a copy of the current survey is to be provided by the Sellers to Buyer at least ten days prior to closing. Property is to have approximately 12 acres as shown on 'Exhibit A' attached hereto."

Plaintiffs hired defendant Borum and Associates, Inc. (Borum) to perform the required survey. This survey certified that the property contained 12.365 acres. The sale closed in November of 1985 and title passed to BHI by a deed stating that the parcel contained "12.365 acres, more or less." The purchase price was adjusted to $231,843.75 to account for the extra .365 acre.

After the closing, Borum discovered a mistake in its calculations of the acreage and determined that the tract in question actually contained 17.147 acres.[1] BHI was notified of the error and plaintiffs subsequently filed this action seeking (1) reformation of the deed to reflect the true acreage of the tract, and (2) specific performance of BHI's contractual obligation to pay for the excess acreage, in the amount of $89,662.50. BHI asserted multiple coun-

---

1. Plaintiffs asserted claims for negligence and breach of contract against Borum and Associates, Inc., and Marvin L. Borum individually. These claims are not at issue on this appeal.

terclaims, including a claim for rescission. Both parties moved for summary judgment.

The trial court entered an order denominated "Partial Summary Judgment" wherein it concluded that the contract was consummated under a mutual mistake of fact and that the parties' requested remedies of reformation, specific performance, and rescission were all inequitable. The trial court then fashioned a unique remedy, appointing a triumvirate of commissioners to designate 4.782 acres to be carved out of the disputed tract and reconveyed to plaintiffs. Plaintiffs refused BHI's tender of a deed for the 4.782-acre parcel and appealed the decision of the trial court.

A divided panel of the Court of Appeals affirmed. The majority described the trial court's action as a reformation "in effect," and concluded that the reiteration of a twelve-acre figure throughout negotiations and in the contract and deed documents demonstrated, by clear and convincing evidence, the parties' intent to convey approximately that amount of land. Judge Phillips dissented, noting that the parcel contracted for was specifically described and identified on the map as all the land between BHI's ten-acre tract on the north and a creek on the south. He concluded that the trial court had no authority to modify the agreement because of the parties' misconception as to the size of this specifically identified tract and that plaintiffs were entitled to summary judgment.

We decline to adopt either viewpoint. The North Carolina Rules of Civil Procedure provide that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The party moving for summary judgment has the burden of establishing the lack of any triable issue. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the opposing party. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

Plaintiffs insist that both parties understood the transaction to be a per-acre sale of all the plaintiffs' property south of BHI's

ten-acre tract and north of the creek. Fred Preyer, BHI's real estate agent, testified that he regarded the creek as a natural southern boundary and that all of his pre-contract negotiations with plaintiffs concerned acquisition of the entire tract north of the creek. These negotiations were in terms of a per-acre sale of all the property and neither party ever mentioned a gross price for the entire tract. Plaintiffs also point out that Exhibit A, the map included as an attachment to the contract, identified the creek as a southern boundary of the property to be conveyed, as did the description contained in Exhibit B and the metes and bounds description in the deed itself. All of this evidence confirms the parties' mutual understanding that the creek would provide the southern boundary.

Defendant BHI, on the other hand, maintains that the parties intended to contract for approximately twelve acres and never anticipated that the tract in question might contain substantially more than twelve acres. As proof of this intent, BHI points to Fred Preyer's testimony that the parties consistently discussed a figure of twelve acres throughout pre-contract negotiations. Furthermore, the contract and accompanying documents repeatedly refer to the land as "the 12 acre tract," and paragraph 3 of the contractual conditions explicitly states that the "[p]roperty is to have approximately 12 acres." Although paragraph 5 of the conditions provides for an adjustment in the purchase price using the difference between the actual acreage and twelve acres, this clause was intended merely to cover any *minor* deviation in acreage and not to be controlling of the entire transaction in the event of a major discrepancy. In fact, a minor deviation was taken into account when the purchase price was adjusted from $225,000.00 to $231,843.75 to cover an additional .365 acre disclosed by Borum's survey. BHI further contends that there was never an agreement to purchase all of the land, without regard to the final acreage.

Having reviewed the entire record and carefully considered the contentions of the parties detailed above, we cannot say as a matter of law that either side is entitled to summary judgment. Each has brought forth at least some plausible evidence tending to support its interpretation of the transaction. However, reasonable minds might easily differ as to the import of the conflicting evidence. At best the contradictions raise a material question of

fact as to the parties' intentions where the acreage of the property substantially exceeded twelve acres. This question must be resolved by the fact finder. Upon the record presented, therefore, summary judgment was inappropriate.

The decision of the Court of Appeals is reversed and the cause remanded to that court for further remand to the Superior Court, Guilford County, for proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice WEBB dissenting.

I dissent. I agree with the analysis of the case as written by Judge Wells for the Court of Appeals. It is clear to me that all parties thought the plaintiffs were conveying to the defendants a tract of land of approximately twelve acres. The contract provided for a variation in price based on a slight variance in the size of the tract. The parties made the contract under a mutual mistake of fact because there were more than seventeen acres in the tract.

It is within the jurisdiction of the superior court to fashion a decree that is equitable to all parties. I believe that in exercising its power as a court of equity the superior court entered a decree which we cannot disturb.

I vote to affirm the Court of Appeals.