KENNETH W. WOLFE, Plaintiff v. ALLENE CURRIE VILLINES, MILDRED CURRIE JEFFRIES, JAMES WILLIAM CURRIE, INEZ CURRIE CORBETT and OZZIE M. CURRIE, Defendants

No. COA04-467

(Filed 5 April 2005)

### 1. Vendor and Purchaser— land sale—sufficiency of description—latent ambiguity

The legal description of property in a land sale agreement was latently ambiguous, and the trial court erred by granting summary judgment for plaintiff where there was an issue of material fact as to the precise parcel to be conveyed.

### 2. Vendor and Purchaser— land sale—insufficient description—reformation—issue of fact

The trial court erred by reforming a land sale agreement through the selection one of three surveys drawn from the agreement's general description where the discovery of unknown improvements on the property created a question of fact. Such actions in equity by the trial court at the summary judgment stage are not permissible when there are issues of fact.

### 3. Vendor and Purchaser— land sale—survey completed late—time not of essence

A land sale agreement was not vitiated by the failure to complete a survey within the required time where time was not of the essence in the contract. There was no evidence that plaintiff delayed or tarried in completion of the contract, and the trial court properly found that the delay was not unreasonable.

Judge Tyson dissenting.

Appeal by defendants from an order entered 11 December 2003 by Judge Orlando F. Hudson, Jr. in Person County Superior Court. Heard in the Court of Appeals 17 November 2004.

*Hatch, Little & Bunn, L.L.P., by David H. Permar and Elizabeth T. Martin, for plaintiff-appellee.*

*Ramsey, Ramsey & Long, by James E. Ramsey, for defendant-appellants.*

HUNTER, Judge.

Allene Villines, Mildred Jefferies, James William Currie, Inez Corbett, and Ozie M. Currie ("defendants") appeal from an order entered 11 December 2003 granting partial summary judgment to Kenneth W. Wolfe ("plaintiff") in an action for specific performance of a land sale agreement. Defendants raise two assignments of error, contending there were genuine issues of material fact as to: (1) whether the description of the property in the land sale agreement was sufficient to satisfy the statute of frauds, and (2) whether the land sale agreement was terminated due to plaintiff's failure to complete the agreement's requirements prior to the closing date. As we find there was a material issue of fact as to the description of the property, we reverse the grant of summary judgment.

On 6 December 2001, plaintiff and defendants entered into an Offer to Purchase and Contract ("Offer") a plot of land belonging to defendants that was adjacent to plaintiff's property. The Offer described the plot to be purchased as "+ or - 25ac to be determined by a survey for property behind Mr. Wolfe's Property, to run to the first field[,]" and stated that it was a portion of the property listed in tax map 21, Lot 23, in Person County. The Offer did not specify who was responsible for obtaining the survey, but did provide that the buyer would pay for the cost. The Offer stated that the purchase price for the property was $2,200.00 per acre and that the closing should take place on or before 31 January 2002, and was signed by all parties.

A surveyor, Neil Hamlett ("Hamlett") was hired to survey the property by Tommy Bowes ("Bowes"), the real estate agent for both parties. Hamlett discovered that a house existed on the proposed plot and was instructed by Bowes to cut out the portion of the property containing the house from the surveyed land. Due to inclement weather, Hamlett did not return to complete the survey until March 2002. He was informed by defendants at that time to not complete the survey, as the time for closing had expired. Hamlett reported that three possible tracts could be surveyed in the given area, of 15.9 acres, 16.9 acres, or 20.8 acres, respectively.

Plaintiff filed a complaint seeking specific performance of the contract on 9 July 2003, alleging that defendants had repudiated the Offer by refusing to allow the land to be surveyed. Defendants counterclaimed that the Offer was unenforceable as it violated the statute of frauds and the required survey was not completed before closing.

Both parties moved for summary judgment. On 11 December 2003, the trial court entered an order denying defendants' motion and partially granting plaintiff's motion for summary judgment, ordering specific performance of the contract. Defendants appeal from this order.

## I.

We first address whether the appeal from the trial court's 11 December 2003 order entitled partial summary judgment is timely. Ordinarily, a partial summary judgment, because it does not completely dispose of the case, is interlocutory, and cannot be immediately appealed. *See Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). Here however, the trial court's order fully disposed of the case by ordering specific performance of the land contract, and retained jurisdiction only in the event that good title to the property in question could not be conveyed. Indeed, plaintiff, the appellee in this case, notes in his brief that "it is apparent . . . that the order is, in fact, not a partial summary judgment because no further parties or claims are unresolved." (Emphasis omitted.) Despite its title of partial summary judgment, the order appears to not be interlocutory, as it resolves all claims raised to the court, and review of the matter would therefore be neither fragmentary nor premature.

The dissent contends that a question remains, however, as to whether the order is final or interlocutory, as the trial court did not certify this appeal pursuant to N.C.R. Civ. P. 54(b) and did retain jurisdiction for a limited purpose. We therefore, in the interest of judicial economy, and to prevent manifest injustice to both parties as a complete and final remedy has been ordered by the trial court, elect pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure to treat plaintiff's appeal as a petition for a writ of certiorari and grant the petition. *See* N.C.R. App. P. 2, *Kimzay Winston-Salem, Inc. v. Jester*, 103 N.C. App. 77, 79, 404 S.E.2d 176, 177 (1991).

## II.

**[1]** Defendants contend that the trial court erred in finding there was no genuine issue of material fact as to whether the legal description of the property in the Offer was insufficient to meet the statute of frauds.[1] We agree.

---

1. Defendants fail to provide a statement of the grounds for appellate review, as required by N.C.R. App. P. 28(b)(4), as to whether this matter appealed constitutes a final judgment which is properly before this Court. Violation of this rule subjects defendants' appeal to dismissal. *See State v. Wilson*, 58 N.C. App. 818, 819, 294 S.E.2d 780, 780 (1982). However, as noted *supra*, we deem it appropriate to consider this appeal on its merits pursuant to N.C.R. App. P. 2.

We first note the appropriate standard of review. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

Our statute of frauds requires that contracts to convey land "shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." N.C. Gen. Stat. § 22-2 (2003). The Supreme Court of North Carolina has held that:

A valid contract to convey land, therefore, must contain expressly or by necessary implication all the essential features of an agreement to sell, one of which is a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source designated therein.

*Kidd v. Early*, 289 N.C. 343, 353, 222 S.E.2d 392, 400 (1976).

An agreement for the sale of land violates the statute of frauds as a matter of law if it is patently ambiguous, that is, if "it leaves the subject of the contract, the land, in a state of absolute uncertainty and refers to nothing extrinsic by which the land might be identified with certainty." *House v. Stokes*, 66 N.C. App. 636, 638, 311 S.E.2d 671, 673 (1984). However a description is latently ambiguous if "it is insufficient, by itself, to identify the land, but refers to something external by which identification might be made." *Id.* at 638, 311 S.E.2d at 674.

In *Kidd v. Early*, the Court found that the inclusion of a requirement of a survey to determine the precise boundaries of a parcel, in a contract for purchase of a portion of land from a larger tract, saved the description from patent ambiguity. *Kidd*, 289 N.C. at 356, 222 S.E.2d at 402. Although the option in *Kidd* required the seller to furnish the survey, the Court in *Kidd* relied on cases from a number of jurisdictions which also permitted the buyer to control the survey. *Id.* at 354-56, 222 S.E.2d at 401-02.

Here, the description in the Offer identified the parcel generally through a tax map designation and as the Lessie Bradsher Estate located behind plaintiff's property. Although the tract identified

encompassed more than twenty-five acres, the description further specified that the exact amount of + or - 25 acres would be determined by a survey of the property. Thus, as the contract provided an extrinsic means for identification of the precise property to be sold, we find the description was latently, rather than patently, ambiguous and therefore did not violate the statute of frauds as a matter of law.

A latently ambiguous description requires admission of extrinsic evidence to explain or refute the identification of the land in question, and thus creates a potential issue of material fact which must be determined before the trial court can conclude as a matter of law that the statute of frauds has been met. *See House*, 66 N.C. App. at 639, 311 S.E.2d at 674. Here, Hamlett's affidavit showed the surveyor was directed by Bowes to discard a portion of the parcel after buildings were discovered upon it, and further directed to move the northern line of the property. These directions resulted in the production of three potential surveys of the property to be conveyed under the contract. Unlike in *Byrd v. Freeman*, 252 N.C. 724, 727-28, 114 S.E.2d 715, 718-19 (1960), where two different survey results were produced but the evidence showed the parties mutually agreed on one of the surveys, here, a material issue of fact remained as to which of the proposed descriptions, if any, reflected the true intention of the parties. Although we note that the purpose of the statute of frauds is to "guard against fraudulent claims supported by perjured testimony" rather than to allow "defendants to evade an obligation based on a contract fairly and admittedly made[,]" *House*, 66 N.C. App. at 641, 311 S.E.2d at 675, sufficient extrinsic evidence must be adduced to identify the parcel of land intended to be conveyed by the parties and remove the latent ambiguity in the contractual description for it to be enforceable. As there exists an issue of material fact as to both the precise parcel to be conveyed, as a result of the discovery of the buildings, and as to whether the contract is void for latent ambiguity in the description, we therefore reverse the trial court's grant of summary judgment.

[2] The dissent contends that although the evidence presented to the trial court indicated the surveyor had determined three possible tracts of land could be drawn from the general land description, the trial court properly acted in equity to reform the contract and order defendants to convey the smallest of the three parcels. Such actions in equity by the trial court at the summary judgment stage of adjudication are not permissible when issues of material fact exist. In

*Dettor v. BHI Property Co.*, 324 N.C. 518, 379 S.E.2d 851 (1989), our Supreme Court considered another disputed land contract. In *Dettor*, a contract for the sale of land included a description of the property to be sold as " '$\pm$ 12 acres and highlighted in yellow on Exhibit A attached hereto' " and further that " '[t]he property shall be surveyed by a North Carolina Registered Surveyor at the expense of the Sellers . . . . Property is to have approximately 12 acres as shown on "Exhibit A" attached hereto.' " *Id.* at 519-20, 379 S.E.2d at 852. The survey conducted revealed that the property contained 12.365 acres, however, after closing, a mistake in the calculations was discovered which showed the property actually contained 17.147 acres. *Id.* at 520, 379 S.E.2d at 852. An action was brought for reformation of the deed and for specific performance to pay for the excess acreage. Both parties moved for summary judgment. *Id.* at 520-21, 379 S.E.2d at 852. The trial court granted partial summary judgment on the grounds the contract was consummated under a mutual mistake of fact,[2] but declined to award specific performance as inequitable. *Id.* at 521, 379 S.E.2d at 852. The trial court instead created a unique remedy, described as a "reformation 'in effect,' " which appointed "a triumvirate of commissioners to designate 4.782 acres to be carved out of the disputed tract and reconveyed to plaintiffs." *Id.* The Supreme Court overturned a decision by this Court affirming the trial court, on the grounds that when an issue of material fact as to the acreage intended to be transferred by the parties existed, the question must be resolved by the fact finder, and a grant of summary judgment was inappropriate. *Dettor*, 324 N.C. at 522-23, 379 S.E.2d at 853.

Similarly here, a question of material fact was created by the discovery of unknown improvements on the property, resulting in a latent ambiguity in the land description. The trial court improperly concluded that no material issue of fact existed, yet selected one of three surveys presented to the court as the remedy. As a question of material fact existed, we find the trial court erred in reforming the contract at the summary judgment stage.

III.

[3] Defendants next contend there was a genuine issue of material fact as to whether the Offer was terminated due to plaintiff's failure to complete the Offer's requirements, including a survey of the parcel of property, prior to the closing date. We disagree.

---

2. We note that the order appealed in *Dettor* was also entitled Partial Summary Judgment, but was considered by both this Court and our Supreme Court.

In *Taylor v. Bailey*, 34 N.C. App. 290, 237 S.E.2d 918 (1977), this Court noted that when the only reference to time in the contract was as to a proposed closing date, and the conditions included a survey and title opinion of the property, time was not of essence to the agreement and upheld the finding that the failure to settle by the stated date did not vitiate the contract. *See Taylor*, 34 N.C. App. at 293-94, 237 S.E.2d at 920. In *Taylor*, a surveyor was hired in a timely fashion, but a problem with the title was discovered which delayed closing. *Id.* at 294, 237 S.E.2d at 920. The Court affirmed the order of specific performance of the contract however, as there was no evidence that " 'plaintiff tarried or delayed : . . and . . . stood ready, willing and able to complete the terms and conditions of said contract[.]' " *Id.* at 294-95, 237 S.E.2d at 921 (citation omitted).

Here, the Offer, like in *Taylor*, stated closing should occur "on or before 1-31-2002," but included the condition of a survey paid for by plaintiff. As time was not of the essence in the contract, the failure to complete the required survey and close by 31 January 2002 does not vitiate the contract. The question rather is one of the reasonableness of the time to complete the contract. *See Fletcher v. Jones*, 314 N.C. 389, 393, 333 S.E.2d 731, 734 (1985). "What is a 'reasonable time' in which delivery must be made is generally a mixed question of law and fact, and, therefore, for the jury, but when the facts are simple and admitted, and only one inference can be drawn, it is a question of law." *Colt v. Kimball*, 190 N.C. 169, 174, 129 S.E. 406, 409 (1925).

Evidence presented in the affidavits of Bowes and Hamlett show that the surveyor was hired in a timely fashion in December 2001 by the agent of both parties, that a problem arose with the survey when the presence of a building was discovered within the given parameters, and that as the Offer specified the contract was for land only, the surveyor was instructed by the agent to return to resurvey the property without the building. Further, Hamlett states in his corrected affidavit on 17 November 2003 that he was delayed from returning to complete the survey until March 2002 as a result of the changes, and was told at that time not to complete the survey by defendants. As there is no evidence that plaintiff "delayed or tarried" in completion of the contract, or other disputed material fact, the trial court properly found the delay of a few weeks in completion of the survey was not unreasonable as a matter of law.

As we find that a material issue of fact exists as to the land description, we therefore reverse the trial court's grant of summary judgment.

Reversed.

Judge LEVINSON concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

The majority's opinion reverses the trial court's grant of partial summary judgment in plaintiff's favor and holds genuine issues of material fact exist concerning: (1) whether the Offer is void for latent ambiguities with the property description; and (2) which parcel should be conveyed. This appeal is interlocutory and defendants failed to comply with the North Carolina Rules of Appellate Procedure and should be dismissed. I respectfully dissent.

## I. Interlocutory Appeals

Interlocutory appeals are those " 'made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy.' " *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (quoting *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999)); *accord Veazey v. Durham*, 231 N.C. 357, 362-63, 57 S.E.2d 377, 381-82, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). In addition, "[g]enerally, orders denying motions for summary judgment are not appealable." *Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978); N.C. Gen. Stat. § 1-277 (2003).

It is undisputed that the 11 December 2003 judgment from which defendants appeal is interlocutory because it was a "Partial Summary Judgment" that partially granted plaintiff's motion for summary judgment, denied defendants' motion for summary judgment, and did not dispose of the entire case. *See Carriker*, 350 N.C. at 73, 511 S.E.2d at 4. The trial court specifically ordered that it "shall retain jurisdiction for the purpose of determining what damages, if any, . . . [are] appropriate . . ." *See Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (an order is interlocutory when issues remain and require further adjudication before a final decree is issued). Here, there is no risk of inconsistent verdicts to trigger a preemptive review

by this Court. *CBP Resources, Inc. v. Mountaire Farms of N.C., Inc.,* 134 N.C. App. 169, 172, 517 S.E.2d 151, 154 (1999) ("the issue of liability has been determined, [and] the only remaining issue is that of damages and there is no danger of inconsistent verdicts"); *Schuch v. Hoke,* 82 N.C. App. 445, 446, 346 S.E.2d 313, 314 (1986) ("an order granting [a] motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, [is] an interlocutory order not subject to immediate appeal") (citing *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 492, 251 S.E.2d 443, 448 (1979)).

### A. Appellate Review of Interlocutory Judgments

Generally, there is no right of immediate appeal from an interlocutory judgment. *Travco Hotels v. Piedmont Natural Gas Co.,* 332 N.C. 288, 292, 420 S.E.2d 426, 428 (1992). An interlocutory order may only be considered on appeal where either: (1) certification by the trial court for immediate review under N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003); or (2) "a substantial right" of the appellant is affected. *Tinch v. Video Industrial Services,* 347 N.C. 380, 381, 493 S.E.2d 426, 427 (1997) (citing *Bailey v. Gooding,* 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)); N.C. Gen. Stat. § 1-277(a) (2003); N.C. Gen. Stat. § 7A-27(d) (2003). Here, the trial court did not certify its partial summary judgment "for immediate review" under Rule 54(b) and defendants have failed to show "a substantial right" that will be lost absent immediate review. *See Watts v. Slough,* 163 N.C. App. 69, 72, 592 S.E.2d 274, 276 (2004) (interlocutory appeal dismissed due to the trial court not certifying its order under Rule 54(b) and the appellant's failure to assert a substantial right that would be adversely affected without immediate review).

### 1. Rules of Appellate Procedure

Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure requires the appellant's brief to include a "statement of the grounds for appellate review." N.C.R. App. P. 28(b)(4) (2004); *see Chicora Country Club, Inc. v. Town of Erwin,* 128 N.C. App. 101, 105-06, 493 S.E.2d 797, 800 (1997). If the appeal is interlocutory, the "statement of the grounds" must contain sufficient facts and argument to support appellate review on the grounds that the challenged judgment either affects a substantial right, or was certified by the trial court for immediate appellate review. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). It is the appellant's duty to provide this Court the grounds to warrant appellate review. *Id.*

Defendants neither included a "statement of the grounds for appellate review" nor addressed the interlocutory nature of their appeal. Further, defendants do not assert in their arguments any substantial rights that will be adversely affected if this Court does not immediately review the trial court's order.

"Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of the appeal." *State v. Wilson*, 58 N.C. App. 818, 819, 294 S.E.2d 780 (1982), *cert. denied*, —— N.C. ——, 342 S.E.2d 907 (1986). This appeal should be dismissed due to both its interlocutory nature and defendants' failure to assert the substantial rights that will be adversely affected without this Court's immediate review in violation of the North Carolina Rules of Appellate Procedure.

## II.  Rule 2

The majority's opinion agrees the appeal is interlocutory and that defendants failed to comply with the appellate rules. Yet, it invokes Rule 2 of the North Carolina Rules of Appellate Procedure to purportedly review the merits of defendants' claims. Rule 2 states:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon the application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2 (2004).

Our Supreme Court stated in *Steingress v. Steingress* that "Rule 2 relates to the residual power of our appellate courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and *only in such instances*." 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) (emphasis supplied) (citing *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986)). This Court has repeatedly held that " 'there is no basis under Appellate Rule 2 upon which we should waive plaintiff's violations of Appellate Rules . . . .' " *Holland v. Heavner*, 164 N.C. App. 218, 222, 595 S.E.2d 224, 227 (2004) (quoting *Sessoms v. Sessoms*, 76 N.C. App. 338, 340, 332 S.E.2d 511, 513 (1985)).

My review of the entire record fails to disclose any "exceptional circumstances," "significant issues," or "manifest injustice" to warrant suspension of the Appellate Rules. Our precedents do not allow use of Rule 2 to reach the merits of this appeal. I vote to dismiss.

### III.  Property Description

I also disagree with the majority's holding that since the survey was never completed that genuine issues of fact exist: (1) concerning which of the parcels the parties intended to convey; and (2) whether the Offer is potentially void for the latently ambiguous property description.

In *Kidd v. Early*, our Supreme Court determined that a property description that references a future survey satisfies the Statute of Frauds. 289 N.C. 343, 222 S.E.2d 392 (1976); *see also* N.C. Gen. Stat. § 22-2 (2003). The property description included in the Offer is latently ambiguous, requiring parol evidence to specify its precise location. *See Bradshaw v. McElroy*, 62 N.C. App. 515, 516, 302 S.E.2d 908, 910 (1983) (citing *Lane v. Coe*, 262 N.C. 8, 13, 136 S.E.2d 269, 273 (1964)).

Defendants failed to allow the surveyor to complete the survey to remove the latent ambiguity and make the property description definite. *Kidd*, 289 N.C. at 357, 222 S.E.2d at 402. Here, Hamlett's survey divulged the existence of buildings located on the property to be conveyed during initial field work. Upon reporting this discovery to Broker Bowes, Hamlett was instructed to remove the improvements from the parcel to be conveyed and move the northern boundary line. The result was a preliminary survey including three possible tracts of land, ranging from 15.9 to 20.8 acres. Defendants wrongly refused Hamlett access to the property to complete the final survey, forcing plaintiff to instigate this action and seek specific performance, an equitable remedy.

Based on the pleadings, exhibits, affidavits, memoranda of law, admitted testimony, and oral arguments, the trial court ruled

> there is no genuine issue as to any material facts and that the Plaintiff is entitled to specific performance of the December 6, 2001 Offer to Purchase and Contract entered into between the Plaintiff and the Defendants. It is further determined that as *a matter of equity*, the contract shall be *reformed* to reflect that the parcel to be conveyed pursuant to the terms of the contract is

that 15.9 [+-] acres excluding the 40,000 square foot outparcel containing the house and out building . . . .

(Emphasis supplied). The trial court, sitting as a Court of Equity, in its discretion and in light of all the evidence, reformed the contract and ordered defendants to convey the smallest of the three possible parcels, 15.9 acres, despite the Offer calling for a conveyance of twenty-five acres, more or less. It further ordered defendants to provide Hamlett access to the property to finalize the survey of the 15.9 acre tract.

It is apparent that the *potential* issues of material fact that the majority's opinion cites in reversing the trial court's order result from defendants' breach of the Offer. The majority's opinion acknowledges that "[t]he statute of frauds was designed to guard against fraudulent claims supported by perjured testimony; it was not meant to be used by defendants to evade an obligation based on a contract fairly and admittedly made." *House v. Stokes*, 66 N.C. App. 636, 641, 311 S.E.2d 671, 675 (1984) (citation omitted). However, its holding allows defendants to further unfairly delay plaintiff by approving their breach of the Offer and prolonging the closing of this matter through their improper actions. " '[A] court of equity may decree specific performance, when it would be a virtual fraud to allow the defendant to interpose the statute as a defense and at the same time secure to himself the benefit of what has been done in performance.' " *Ebert v. Disher*, 216 N.C. 36, 48, 3 S.E.2d 301, 309 (quotation omitted), *cert. denied*, 216 N.C. 546, 5 S.E.2d 716 (1939).

Defendants do not assert and my review of the record does not indicate the trial court abused its discretion by sitting as a court of equity, reforming the contract, and ordering specific performance. *See Harris v. Harris*, 50 N.C. App. 305, 313, 274 S.E.2d 489, 493 (this Court's review of a trial court's equitable remedy is under the abuse of discretion standard), *appeal dismissed*, 302 N.C. 397, 279 S.E.2d 351 (1981).

The majority's opinion cites *Dettor v. BHI Property Co.* as authority to hold that genuine issues of material fact preclude a trial court's grant of partial summary judgment. 324 N.C. 518, 379 S.E.2d 581 (1989). *Dettor* is readily distinguishable from the case at bar. There, our Supreme Court determined the dispositive issue concerned whether the parties intended a per-acre sale of land or a contract for approximately twelve acres. *Id.* at 519, 379 S.E.2d at 851-52. This

issue resulted from a third-party surveyor's miscalculation of the acreage to be conveyed. *Id.* at 520, 379 S.E.2d at 852. Based upon each party presenting "some plausible evidence tending to support its interpretation of the contract," the Court held the contradictions "[a]t best . . . raise a *material* question of fact." *Id.* at 522-23, 379 S.E.2d at 853 (emphasis supplied). The Court concluded that such a determination should be made by the fact finder. *Id.*

The *materiality* of the issue of fact in *Dettor* is its effect on the purchase price. *See Bank v. Gillespie*, 291 N.C. 303, 310, 230 S.E.2d 375, 379 (1976) (issues are material if the facts alleged would affect the result of the action in the non-movant's favor). Under the plaintiff/seller's "per-acre sale" argument in *Dettor*, the purchase price should have been increased relative to the difference in acreage conveyed versus the "+/- 12 acres" contracted for. 324 N.C. at 521-22, 379 S.E.2d at 853. The defendant/purchaser in *Dettor* argued it did not owe additional money because the contract was "for approximately twelve acres and it never anticipated that the tract in question might contain substantially more than twelve acres." 324 N.C. at 522, 379 S.E.2d at 853. The outcome of *Dettor* raised serious financial ramifications to the losing party based on how the terms of the contract were interpreted. That outcome is the *materiality* of the issue of fact in *Dettor*.

Here, the parties contracted to convey "+ or - 25 ac. to be determined by a surveyor for property behind Mr. Wolfe's Property, to run to the first field" at "$2200.00 Per Ac." The potential issues of fact the majority's opinion cites do not result from the possibility of the appealing party not receiving the benefit of the bargain as was intended by the Offer. Defendants are receiving the full purchase price of the Offer. In addition, they are conveying to plaintiff over nine acres less than the acreage required by the terms of the Offer. The trial court's order benefits defendants, not plaintiff.

The *materiality* of issues of fact in *Dettor* is not present here, as defendants are receiving everything they contracted for, and more. Plaintiff (the purchaser) did not appeal and has not complained about the trial court's decision to convey to him over nine acres less than the Offer called for.

Under the majority's holding, on remand, defendants stand to lose more than the 15.9 acre tract if the future finder of fact determines the parties intended a larger parcel to be conveyed by the

Offer. In addition, defendants' motives in pursuing this appeal are questionable as record evidence shows another outstanding third-party Offer to purchase defendants' remaining acreage is pending, contingent upon the outcome of this matter.

### IV. Time for Closing

The majority's opinion also states the trial court properly found that time was not of the essence for the Offer. That discussion is also unnecessary as this appeal is interlocutory and defendants failed to satisfy the rules of appellate procedure. This assignment of error is also not properly before this Court and should be dismissed.

### V. Conclusion

The trial court, sitting as a court of equity and in its discretion, properly ordered reformation and specific performance of the Offer. Defendants' improper breach of the Offer and refusal to allow the surveyor to complete his work created any potential issues of fact. This Court should not allow defendants' wrongful conduct to delay or avoid their contractual obligations.

I vote to dismiss this appeal due to: (1) its interlocutory nature; (2) no trial court certification; (3) the absence of a substantial right; and (4) defendants' failure to abide by the North Carolina Rules of Appellate Procedure. Also, our precedents do not allow Rule 2 to be used to excuse defendants' failure to comply with the North Carolina Rules of Appellate Procedure. *See Smith v. R.R.*, 114 N.C. 729, 749-50, 19 S.E. 863, 869 (1894) (warning that, "Looseness of language and *dicta* in judicial opinions, either silently acquiesced in or perpetuated by inadvertent repetition, often insidiously exert their influence until they result in confusing the application of the law, or themselves become crystallized into a kind of authority which the courts, without reference to true principle, are constrained to follow."). I respectfully dissent.