J. CALVIN CUNNINGHAM AND LORI WATSON BERGER, PLAINTIFFS v.
CYNTHIA B. SAMS, DEFENDANT

No. COA02-1623

(Filed 18 November 2003)

**1. Appeal and Error— appealability—order disqualifying counsel—substantial right**

An order disqualifying counsel is immediately appealable because it affects a substantial right.

**2. Attorneys— disqualification—material witness**

Plaintiff attorneys stated with sufficient specificity why defense counsel was a necessary and material witness in their action to recover fees for their representation of a former client in a domestic case, and the trial court did not abuse its discretion in disqualifying defense counsel from representing the former client in the trial of this action, where the only issue remaining in the case was the reasonableness of plaintiffs' fees, and plaintiffs' motion to disqualify stated that defense counsel had been present in numerous conferences and hearings in the domestic case in which plaintiffs represented the client and that they intended to call him as a witness as to the amount and nature of the work they performed for the client. Rule of Professional Conduct 3.7.

**3. Civil Procedure— findings—not requested, not required**

An order disqualifying counsel was not vacated for lack of findings where neither party requested findings of fact or conclusions of law.

**4. Attorneys— attorney to be called as witness—disqualification beyond trial**

The trial court abused its discretion by extending beyond the trial the disqualification of an attorney who was to be a witness at the trial.

**5. Attorneys— attorney to be called as witness—disqualification of firm**

The trial court abused its discretion in disqualifying counsel's entire firm in an action in which the attorney was to be called as a witness.

CUNNINGHAM v. SAMS

[161 N.C. App. 295 (2003)]

Appeal by defendant from order entered 2 July 2002 by Judge Mark S. Culler, District Court, Davidson County. Heard in the Court of Appeals 14 October 2003.

*Hahn & Chastain, P.A., by William J. O'Malley, for defendant.*

*Cunningham & Crump, PLLC, by R. Flint Crump, and The Causey Law Offices, by Lori Watson Berger, for plaintiffs.*

WYNN, Judge.

This appeal relates to the companion appeal in *Robinson & Lawing v. Sams,* —— N.C. App. ——, —— S.E.2d —— (2003) (COA03-76) (filed 18 November 2003). As in *Robinson,* the plaintiff attorneys in this case, J. Calvin Cunningham and Lori Watson Berger, represented Cynthia Sams in a domestic action that ultimately was resolved under the representation of Ms. Sams' current attorney, William J. O'Malley.[1] In this case, the trial court disqualified Mr. O'Malley from representing Ms. Sams at trial and in any other matters concerning this action. After reviewing the trial court's order in this case, we affirm the disqualification of Mr. O'Malley from representing Ms. Sams at trial; reverse the disqualification of Mr. O'Malley from representing Ms. Sams in matters other than as a trial advocate; and, reverse the disqualification of Mr. O'Malley's firm from representing Ms. Sams at trial.

The matter arose when Mr. Cunningham and Ms. Berger brought legal proceedings against Ms. Sams to recover their unpaid legal fees. The trial court entered partial summary judgment in favor of Mr. Cunningham and Ms. Berger leaving only the issue of the "reasonableness of the time for which Ms. Sams was billed by Mr. Cunningham and Ms. Berger."

Under The North Carolina State Bar's Revised Rule of Professional Conduct 3.7, Mr. Cunningham and Ms. Berger moved to have Mr. O'Malley disqualified as Ms. Sams's attorney because they intended to call him as a witness during the jury trial on the reasonableness of attorney fees. They contended that disqualification was required because Mr. O'Malley had referred Ms. Sams to them, and throughout Ms. Sams's domestic case, Mr. O'Malley was present for

---

1. As stated in *Robinson,* Robinson & Lawing, L.L.P., a law firm, represented Ms. Sams, in a domestic action from October 1997 to July 1998. Thereafter, from July 1998 to October 2000, several different attorneys represented Ms. Sams, including Russ Kornegay, J. Calvin Cunningham, Lori Watson Berger, and the Causey Law firm. From November 2000 until July 16, 2001, William J. O'Malley represented Ms. Sams in her domestic action. Mr. O'Malley married Ms. Sams in August 2001.

hearings and was involved in discussions about how to proceed in the domestic case. After an order was entered disqualifying Mr. O'Malley and his firm, Hahn & Chastain, P.A., from any further representation in any capacity in the matter, Ms. Sams appealed.

On appeal, Ms. Sams contends the trial court abused its discretion in disqualifying Mr. O'Malley because Mr. Cunningham and Ms. Berger failed to state with specificity why Mr. O'Malley was a necessary and material witness and what facts they intended to elicit from Mr. O'Malley. "Decisions regarding whether to disqualify counsel are within the discretion of the trial judge and, absent an abuse of discretion, a trial judge's ruling on a motion to disqualify will not be disturbed on appeal." *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 295, 420 S.E.2d 426, 430 (1992).[2]

[2] In its order disqualifying counsel, the trial court found:

1. That it is likely that Ms. Sams's counsel, William J. O'Malley, will be a necessary witness at the trial of this matter; and

2. That the expected testimony of Mr. O'Malley will not relate to: (1) an uncontested issue, or (2) the nature and value of legal services rendered in this matter. Nor will Mr. O'Malley's disqualification work substantial hardship on Ms. Sams.

Based upon these findings, the trial court disqualified Mr. O'Malley and his firm from representing Ms. Sams in any capacity in the matter.

Revised Rule of Professional Conduct 3.7 states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

---

[1] 2. Although interlocutory, an order disqualifying counsel is immediately appealable because it affects a substantial right. *See Goldston v. American Motors Corp.*, 326 N.C. 723, 726-27, 392 S.E.2d 735, 736-37 (1990); *see also Travco Hotels*, 332 N.C. at 292, 420 S.E.2d at 429 (stating "the granting of a motion to disqualify counsel, unlike a denial of the motion, has immediate and irreparable consequences for both the disqualified attorney and the individual who hired the attorney. The attorney is irreparably deprived of exercising his right to represent a client. The client, likewise, is irreparably deprived of exercising the right to be represented by counsel of the client's choice. Neither deprivation can be adequately addressed by a later appeal of a final judgment adverse to the client").

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

In this case, after summary judgment, the only issue remaining was the reasonableness of Plaintiff's fees. In its verified motion to disqualify counsel, Mr. Cunningham and Ms. Berger argued Mr. O'Malley was a material and necessary witness as to the amount and nature of work performed by Mr. Cunningham and Ms. Berger for Ms. Sams. They alleged Mr. O'Malley

> was present at numerous conferences between [Mr. Cunningham, Ms. Berger] and Ms. Sams, numerous hearings where Mr. Cunningham and Ms. Berger represented Ms. Sams and, upon information and belief, took part in discussions with Ms. Sams regarding Mr. Cunningham and Ms. Berger' services all prior to his beginning representation of Ms. Sams (now O'Malley) in this matter. As a result, Mr. O'Malley is uniquely aware of at least some portions of the work performed by Mr. Cunningham and Ms. Berger on behalf of Ms. O'Malley, the reasonableness and appropriateness of which is the only issue left for trial in this matter.

Rather than simply stating 'we intend to call him as a witness,' the motion to disqualify counsel specifically states the factual issues upon which defense counsel would testify. Accordingly, we conclude Mr. Cunningham and Ms. Berger stated with specificity why defense counsel was a necessary witness.

[3] Ms. Sams also argues the trial court's order should be reversed because of its failure to render findings of fact. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2001), "findings of fact and conclusions of law are necessary on decisions of any motion . . . only when requested by a party and as provided by Rule 41(b)." *See also Allen v. Wachovia Bank & Trust Co., N.A.*, 35 N.C. App. 267, 269, 241 S.E.2d 123, 125 (1978) (stating "absent a request for findings of fact to support his decision on a motion, the judge is not required to find facts . . . and it is presumed that the Judge, upon proper evidence, found facts to support his judgment"). Our review of the transcript indicates neither

party requested the trial court render findings of fact or conclusions of law. Accordingly, we hold that the trial court was not required to make findings of fact in this matter.

[4] Nonetheless, Ms. Sams argues that even if the order allowing disqualification from trial representation was proper, the trial court abused its discretion in disqualifying Mr. O'Malley from representing Ms. Sams in matters outside of the trial. We agree.

Revised Rule of Professional Conduct 3.7(a) states in pertinent part that *"a lawyer shall not act as advocate at a trial* in which the lawyer is likely to be a necessary witness." (emphasis supplied) Thus, it appears that even though an attorney may be prohibited from being an advocate during trial, the attorney may, nevertheless, represent his client in other capacities, such as drafting documents and researching legal issues. However, the comments to Rule 3.7 make it clear that if "the combination of [being an advocate and a witness] involves an improper conflict of interest with respect to the client [as] determined by Rule 1.7 or 1.9," the representation becomes improper. Rule 1.7, which prohibits a lawyer from representing a client if the representation will be or is likely to be adverse to another client, and Rule 1.9, which prohibits a lawyer who formerly represented a client in a matter from representing another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, are inapposite to the facts of this case.

Moreover, as an example, the comments indicate that "if there is likely to be substantial conflict between the testimony of the client and that of the lawyer or a member of the lawyer's firm, the representation is improper." However, "determining whether or not such a conflict exists is primarily the responsibility of the lawyer involved."

In this case, Mr. Cunningham and Ms. Berger did not present any argument in their motion to disqualify counsel or in their brief as to why defense counsel should be prohibited from representing Ms. Sams in other capacities. Moreover, Ms. Sams' response to Plaintiff's motion to disqualify counsel stated that defense counsel did not have any different or additional knowledge of any facts related to the case than the parties; that defense counsel was not aware of any statement made by Ms. Sams against her interest; and, that Mr. Cunningham and Ms. Berger never sought and never received any specific legal advice from defense counsel. Ms. Sams also stated that "she does not believe there is any conflict of interest . . . . We conclude that the trial court

abused its discretion in extending the scope of the disqualification to legal representation beyond the trial of this matter.

[5] Finally, Ms. Sams argues the trial court abused its discretion in disqualifying Mr. O'Malley's law firm from representing Ms. Sams at trial. We agree. Under Rule 3.7(b), "a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9." As stated earlier, Rules 1.7 and 1.9 are inapposite to the facts of this case. Accordingly, the trial court, likewise, abused its discretion in disqualifying defense counsel's entire firm from representing Ms. Sams at trial as it appears a conflict of interest under Rule 1.7 or 1.9 does not exist.

In sum, we uphold the trial court's order disqualifying Mr. O'Malley from representing Ms. Sams at trial; however, we reverse the trial court's order disqualifying Mr. O'Malley from representing Ms. Sams in any other capacity in this matter. We further reverse the trial court's order disqualifying Mr. O'Malley's law firm from representing Ms. Sams at trial and in any other capacity.

Affirmed in part, reversed in part.

Judges TIMMONS-GOODSON and ELMORE concur.