LENNIE AND BONNIE HAMBY, PLAINTIFFS v. PROFILE PRODUCTS, L.L.C., TERRA-MULCH PRODUCTS, L.L.C., ROY D. HOFFMAN, AND ELECTRIC SERVICE GROUP, INC., DEFENDANTS

No. COA05-1491

(Filed 15 August 2006)

**1. Appeal and Error— appealability—partial summary judgment—possibility of inconsistent verdicts—claims with different elements**

A right of immediate appeal based on the possibility of inconsistent verdicts did not arise from denying summary judgment to defendant Profile and granting summary judgment to defendants Terra-Mulch and Hoffman. Verdicts involving Terra-Mulch or

Hoffman would be on *Woodson* and *Pleasant* claims, while a verdict involving Profile would be based on negligence. These claims have different elements and require different proof.

**2. Appeal and Error— appealability—partial summary judgment—interlocking limited liability companies**

There was no immediate appeal from an order denying summary judgment to a limited liability company (Profile) which was the sole member manager of another limited liability company (Terra-Mulch) for which summary judgment was granted. There is no case law to support the conclusion that a substantial right existed because evidence raised in defense of Profile might later be used against Terra-Mulch if the summary judgment for Terra-Mulch is successfully appealed.

**3. Appeal and Error— appealability—partial summary judgment—three parties with same counsel**

There was no substantial interest supporting an immediate appeal from summary judgments for two of these three defendants where they had shared the same counsel. This case involved only the common situation of defendants with conflicting interests, not the disclosure of confidential information or motions to disqualify counsel before trial, as did the cases cited as precedent.

Judge TYSON dissenting.

Appeal by defendant Profile from order entered 23 June 2005 by Judge Nathaniel J. Poovey in the Superior Court in Caldwell County. Heard in the Court of Appeals 18 May 2006.

*Moss, Mason & Hill, by Joseph W. Moss and Matthew L. Mason, for defendant Profile Products, L.L.C.*

*Jones, Martin, Parris & Tessener Law Offices, P.L.L.C., by John Alan Jones and G. Christopher Olson, for plaintiffs.*

*Shumaker, Loop & Kendrick, L.L.P., by William H. Sturges and Patricia Wilson Magee, and Kennedy, Covington, Lobdell & Hickman, L.L.P., by William G. Scoggin, for North Carolina Citizens For Business And Industry, amicus curiae.*

**HAMBY v. PROFILE PRODS., L.L.C.**

[179 N.C. App. 151 (2006)]

HUDSON, Judge.

Plaintiffs Lennie and Bonnie Hamby brought this action against defendants Roy Hoffman, Terra-Mulch, L.L.C. ("Terra-Mulch"), and Profile Products, L.L.C. ("Profile"), and Electric Service Group, Inc. ("ESG"), for personal injuries sustained in a workplace accident. All defendants moved for summary judgment on grounds that plaintiffs could not satisfy the legal standard required to overcome the protections of Chapter 97 of the North Carolina General Statutes which limit plaintiffs' remedy to worker's compensation benefits. Following a hearing, the court granted summary judgment to Hoffman and Terra-Mulch, but denied same to Profile and ESG. Profile appeals. On 22 November 2005, Profile filed a petition for writ of certiorari. On 5 December, plaintiffs moved to dismiss this appeal as interlocutory. On 6 December 2005, plaintiffs filed a second motion to dismiss on the same grounds. For the reasons discussed below, we dismiss this appeal.

Lennie Hamby ("Hamby") worked as a dump truck operator for Terra-Mulch at its plant in Conover. Dump trucks delivered wood chips to the plant and dumped them whereupon they were poured into a pit containing two large augers. A 42" guardrail separated the pit from a raised dock where Hamby stood to operate the truck. Hamby stepped around the guardrail and in trying to descend from the dock and fell into the pit. A co-worker testified that he tried to stop the augers, but the first emergency stop button was inoperable. Before the co-worker could reach another stop mechanism, the augers injured Hamby, causing the loss of part his left leg.

Defendant Profile appeals from a partial denial of summary judgment. "Ordinarily, a partial summary judgment, because it does not completely dispose of the case, is interlocutory, and cannot be immediately appealed." *Wolfe v. Villines*, 169 N.C. App. 483, 485, 610 S.E.2d 754, 757 (2005). "In two instances a party is permitted to appeal interlocutory orders[.] First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the . . . parties and the trial court certifies in the judgment that there is no just reason to delay the appeal of those claims." *Wood v. McDonald's Corp.*, 166 N.C. App. 48, 54, 603 S.E.2d 539, 543 (2004) (internal quotation marks and citations omitted); *see* N.C. Gen. Stat. § 1A-1, Rule 54(b). Here, the trial court declined to certify this appeal. Second, an appeal from an interlocutory order is permitted if the order affects a substan-

.tial right. *Sherrill v. Amerada Hess Corp.*, 130 N.C. App. 711, 719, 504 S.E.2d 802, 807 (1998).

"Our jurisprudence regarding the substantial right analysis is not defined by fixed rules applicable to all cases of a certain type, but rather is based on an individual determination of the facts and procedural context presented by each case." *Boyce & Isley, PLLC v. Cooper*, 169 N.C. App. 572, 574-75, 611 S.E.2d 175, 176-77 (2005).

Whether a party may appeal an interlocutory order pursuant to the substantial right exception is determined by a two-step test. The right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment. The substantial right test is more easily stated than applied. And such a determination usually depends on the facts and circumstances of each case and the procedural context of the orders appealed from.

*Wood*, 166 N.C. App. at 55, 603 S.E.2d at 544 (internal quotation marks and citations omitted). Here, defendants assert three substantial rights will be affected if this appeal is not permitted: the risk of inconsistent verdicts, the creation of a significant conflict between Profile and Terra-Mulch, and the creation of a conflict for Profile's counsel, who also represent Terra-Mulch.

[1] Profile first argues that the denial of summary judgment to Profile and grant of summary judgment to Terra-Mulch and Hoffman creates an immediate and fundamental inconsistency and the possibility of inconsistent verdicts. We disagree.

"[T]he possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). "This Court has interpreted the language of *Green* and its progeny as creating a two-part test requiring a party to show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *North Carolina Dep't of Transp. v. Page*, 119 N.C. App. 730, 735-36, 460 S.E.2d 332, 335 (1995).

Because Terra-Mulch was Mr. Hamby's employer and Hoffman was his co-employee, plaintiffs would have to meet the standards set by *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991) and

**HAMBY v. PROFILE PRODS., L.L.C.**

[179 N.C. App. 151 (2006)]

*Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985) in order to prevail. Section 97-9 of the Workers' Compensation Act provides that it is the exclusive remedy to any employee for personal injury or death by accident suffered on the job. N.C. Gen. Stat. § 97-9 (2006). However, "when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer." *Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228. In addition, the Act bars "a worker who is injured in the course of his employment from suing a co-employee whose negligence caused the injury." *Pleasant*, 312 N.C. at 713, 325 S.E.2d at 247. "Provisions of the Act relative to an injured worker bringing an action against a third party for negligence causing injury have been held to apply only to third parties who were "strangers to the employment." *Id.*

Where a defendant is nothing "more than a related, but separate entity" from the employer, the exclusivity provisions of the Workers' Compensation Act are not an absolute bar to recovery. *Cameron v. Merisel, Inc.*, 163 N.C. App. 224, 233, 593 S.E.2d 416 2004). In such cases, third-party claims are permissible.

Profile is a limited liability company and also the sole member-manager of Terra-Mulch. N.C. Gen. Stat. § 57C-3-30(a) provides that

> A person who is *a member, manager, director, executive, or any combination thereof of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being a member, manager*, director, or executive and does not become so by participating, in whatever capacity, in the management or control of the business. *A member, manager, director, or executive may, however, become personally liable by reason of that person's own acts or conduct.*

N.C. Gen. Stat. § 57C-3-30(a) (emphasis supplied) (2006). Thus, while Profile cannot be held liable simply because it is the member-manager of Terra-Mulch, it could be personally liable for its own tortious conduct. The dissent cites N.C. Gen. Stat. § 57C-3-23, captioned "Agency powers of managers" as providing support for the contention that a member-manager is covered by the exclusivity provisions of the Workers' Compensation Act. This statute reads:

> Every manager is an agent of the limited liability company for the purpose of its business, and the act of every manager, including

execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company of which he is a manager, binds the limited liability company, unless the manager so acting has in fact no authority to act for the limited liability company in the particular matter and the person with whom the manager is dealing has knowledge of the fact that the manager has no authority. An act of a manager that is not apparently for carrying on the usual course of the business of the limited liability company does not bind the limited liability company unless authorized in fact or ratified by the limited liability company.

N.C. Gen. Stat. § 57C-3-23 (2006). This statute appears to cover agency relationships pertaining to regular operation of the business, rather than liability for torts such as those alleged here. The North Carolina Limited Liability Company Act defines liabilities, debts and obligations as:

(10a) Liabilities, debts, and obligations.—Have one and the same meaning and are used interchangeably throughout this Chapter. Reference to "liabilities," "debts," or "obligations" whether individually or in any combination, is deemed to reference "all liabilities, debts, and obligations, whether arising in contract, tort, or otherwise."

N.C. Gen. Stat. § 57C-1-03 (2006). We believe that N.C. Gen. Stat. § 57C-3-30(a) is the controlling statute on this issue, permitting Profile potentially to be held liable for its own acts and conduct.

Here, plaintiffs' third amended complaint alleged gross negligence, as well as *Woodson* claims, against Profile and Terra-Mulch in its first claim. While the complaint does not clearly separate the different claims against the two defendants, plaintiffs clarified their assertions to the trial court. In their 3 June 2005 memorandum opposing summary judgment, and in their argument on the summary judgment motion, plaintiffs acknowledged Terra-Mulch as the employer against whom they could pursue a *Woodson* claim, and repeatedly asserted that they were pursuing "a third-party claim against Defendant Profile, with that claim being grounded upon ordinary negligence principles." At the motion hearing, plaintiffs' counsel stated, "We recognize that to reach the jury as against Terra-Mulch, we're restricted to *Woodson*. But with respect to the separate entity, Profile, a third-party case, counting it ordinary negligence."

Thus, plaintiff contends that any verdict for or against Terra-Mulch (the employer) or Hoffman (the co-worker) would be on *Woodson* and *Pleasant* claims, while a verdict on the claim against Profile would be based on the claims for negligence as alleged in the complaint. These claims have different elements, requiring different proof, and there would be nothing necessarily inconsistent about differing verdicts on these different types of claims.

[2] Profile also asserts that the trial court's order creates a significant conflict between Profile and Terra-Mulch which will work substantial injury if not immediately addressed. We do not agree.

Profile contends that as sole member manager of Terra-Mulch, the order puts Profile in a difficult position. The order allows plaintiffs to proceed against Profile as a third-party, and Profile, in turn, would be permitted to raise the issue of Terra-Mulch's negligence in defending against that claim. Thus, Profile could present evidence of Terra-Mulch's negligence in order to seek workers' compensation credit. N.C. Gen. Stat. § 97-10.2(e). Profile contends that if plaintiffs later successfully appealed the order granting summary judgment to Terra-Mulch, the evidence could be used in a subsequent trial against Terra-Mulch. Profile acknowledges that there is no previous case law to support its contention that this affects a substantial right. We are not persuaded that these circumstances constitute a substantial right.

[3] Profile next argues that the order created an adversarial relationship among Hoffman, Terra-Mulch and Profile which impaired its right to representation by counsel of its choice. We disagree.

All three of these parties have shared the same counsel and now face the prospect of retaining new and separate counsel to proceed. Profile cites several cases in support of this argument: *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 420 S.E.2d 426 (1992), *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990) and *Cunningham v. Sams*, 161 N.C. App. 295, 588 S.E.2d 484 (2002). These cases are inapposite. In *Travco Hotels*, the Court considered whether an order denying the defendant's motion to disqualify plaintiff's counsel was immediately appealable. *Id.* at 291, 420 S.E.2d at 427-28. Plaintiff's counsel had previously represented defendant in another matter and defendant feared counsel would use confidential information against it. *Id.* at 291, 420 S.E.2d at 428. The Court agreed that the use of confidential information by previous

counsel against defendant would deprive it of a substantial right not to have its attorney-client confidences breached to its detriment. *Id.* at 292-93, 420 S.E.2d at 428. Profile does not argue that it might be harmed by having attorney-client confidences disclosed. In addition, the Court determined that the appeal failed the second prong of the two-part substantial right test because the defendant's rights could be protected after final judgment at trial by appeal at that point. *Goldston* and *Cunningham* concerned interlocutory appeals of trial court orders disqualifying counsel before trial. *See Goldston* and *Cunningham supra.* Here, we have no order granting or denying a motion to disqualify counsel, but instead only the common situation in which two defendants may have conflicting interests. Profile has failed to show a substantial interest which would be lost if this appeal is dismissed.

Dismissed.

Judges McCULLOUGH concurs.

Judge TYSON dissents in a seperate opinion.

TYSON, Judge dissenting.

The majority's opinion dismisses Profile's appeal as interlocutory and states, "Profile has failed to show a substantial interest which would be lost if this appeal is dismissed." Defendants asserted multiple substantial rights that will be lost if the trial court's order is not immediately reviewed. The trial court erred in denying Profile's motion for summary judgment. I vote to hear Profile's appeal, and to reverse the trial court's denial of summary judgment. I respectfully dissent.

## I. Interlocutory Order

An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. Generally, the denial of a motion to dismiss is an interlocutory order from which there may be no immediate appeal. Nevertheless, [a]n interlocutory appeal is ordinarily permissible . . . if (1) the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review.

Since the appeal in the instant case was not certified by the trial court under 54(b), defendants must illustrate a substantial right exists which will be lost absent immediate appellate review.

*McClennahan v. N.C. School of the Arts*, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006) (internal quotations and citation omitted).

Here, the trial court granted summary judgment for Profile's wholly owned subsidiary, Terra-Mulch Products, L.L.C. ("Terra-Mulch") and plaintiffs' Supervisor Hoffman, but denied Profile's motion for summary judgment. Profile asserts four substantial rights: (1) the possibility of inconsistent verdicts between Profile, Terra-Mulch, and Hoffman; (2) its right to exclusivity of the Industrial Commission to adjudicate the claims by an employee of its wholly owned subsidiary; (3) the possibility of significant conflicts between Profile and Terra-Mulch; and (4) creating conflict representation for Profile's counsel, impairing Profile's substantial right to representation by its chosen counsel.

A party has a substantial right to avoid the risk of inconsistent verdicts. This Court held "[a] substantial right is affected when (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *Estate of Redding v. Welborn*, 170 N.C. App. 324, 328, 612 S.E.2d 664, 668 (2005) (internal quotation and citation omitted).

In *Bernick v. Jurden*, our Supreme Court held:

Plaintiff Bernick alleged in his complaint that the conduct of the defendants Jurden and the hockey club and that of the defendants Cooper caused his injuries. *He has a right to have the issue of liability as to all parties tried by the same jury.* In a separate trial against the defendants Jurden and the hockey club, the jury could find that the blow by Jurden's hockey stick was not intentional, negligent, or was not the cause of plaintiff's injury and damages. Then, if summary judgment in favor of the Cooper defendants were reversed on appeal, at the ensuing trial the second jury could find that plaintiff's injuries were the result of Jurden's or the hockey club's negligent, intentional, or even malicious conduct, and either not foreseeable by or not within the scope of any warranties made by the Cooper defendants. *Thus, the plaintiff's right to have one jury decide whether the conduct of one, some, all or none of the defendants caused his injuries is indeed a substantial right.*

306 N.C. 435, 439, 293 S.E.2d 405, 408-09 (1982) (emphasis supplied).

This Court has also held:

> In this case, the trial court granted LifeUSA's motion for summary judgment disposing of all claims against LifeUSA. However, claims still existed against the remaining defendants, including Welborn and Russell. Since plaintiffs' theory of LifeUSA's liability is that LifeUSA is vicariously liable for Welborn's and Russell's actions, *many of the same factual issues would apply to the claims against defendants and inconsistent verdicts could result from separate trials [or hearings]. Therefore, we find that a substantial right is affected and that this appeal is properly before this Court.*

*Estate of Redding*, 170 N.C. App. at 329, 612 S.E.2d at 668 (emphasis supplied).

The majority's opinion dismisses the possibility of inconsistent verdicts and states, "any verdict for or against Terra-Mulch (the employer) or Hoffman (the co-worker) would be on *Woodson* and *Pleasant* claims, while a verdict on the claim against Profile would be based on the claims for negligence as alleged in the complaint. These claims have different elements, requiring different proof . . . ." This assertion is wholly unsupported by the record.

Plaintiffs are bound by their pleadings in their third amended complaint and cannot assert a new or different claim on appeal. *See Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("[T]he law does not permit parties to swap horses between courts in order to get a better mount" on appeal.).

Plaintiffs seek judgment against all defendants jointly and severally and asserted identical claims against all defendants. These claims, having similar facts and witnesses, rise and fall together and should be adjudicated before one tribunal to avoid risks to defendants of inconsistent judgments and recoveries. Plaintiffs have asserted no basis for separate tribunals to adjudicate identical claims where Profile's potential liability is solely derivative.

## II. Exclusivity of Industrial Commission for Negligence Claims

In *Woodson v. Rowland*, our Supreme Court held:

> [W]hen an *employer* intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to

employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the [Workers' Compensation Act]. Because . . . the injury or death caused by such misconduct is nonetheless the result of an accident under the Act, workers' compensation claims may also be pursued. *There may, however, only be one recovery.*

329 N.C. 330, 340-41, 407 S.E.2d 222, 228 (1991) (emphasis supplied).

If the plaintiff-employee fails to establish that the defendant-employer "intentionally engage[d] in misconduct knowing it [was] substantially certain to cause serious injury or death to employees," the Workers' Compensation Act limits the liability of an employer for personal injury or death of an employee and places exclusive jurisdiction for a plaintiff-employee's claims before the Industrial Commission. *Id.*; N.C. Gen. Stat. § 97-9 (2005).

Here, plaintiffs asserted in their third amended complaint identical allegations of a *Woodson* claim against Profile and Terra-Mulch:

25. Defendants engaged in misconduct which was grossly negligent, willful and wanton, and substantially certain to lead to death or serious injury with respect to operation of the plant.

26. As a direct and proximate result of the misconduct of Defendants and their agents and employees, which misconduct was grossly negligent, willful and wanton, and substantially certain to result in death or serious injury, Plaintiff Lennie Hamby suffered serious, permanent injuries. As a direct and proximate result of such misconduct, Plaintiff Lennie Hamby has been damaged in an amount in excess of $10,000.00.

Plaintiffs did not allege separate claims nor seek separate recovery solely against Profile. By alleging exactly the same allegations against all defendants, plaintiffs conceded that Profile's liability is not independent of and is derivative of Terra-Mulch's liability. The majority's opinion erroneously asserts that Profile is subject to an ordinary negligence claim, as opposed to a *Woodson* claim and that jurisdiction in the superior court is proper. This notion ignores established precedents.

Profile is the sole member/manager of Terra-Mulch. If Profile is subjected to a civil trial, and a jury finds Profile liable for plaintiff

Lennie Hamby's injuries, inconsistent verdicts or recoveries could result from potential liability of Terra-Mulch and Hoffman before the Industrial Commission.

The Workers' Compensation Act provides:

> Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he *or those conducting his business* shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified.

N.C. Gen. Stat. § 97-9 (emphasis supplied).

In *Altman v. Sanders*, our Supreme Court held, the phrase "those conducting his business," in this statute should be construed liberally for the employer. 267 N.C. 158, 161, 148 S.E.2d 21, 24 (1966) ("[T]he phrase, 'those conducting his (the employer's) business,' which appears in the . . . statute, should be given a liberal construction. One must be deemed to be conducting his employer's business, within the meaning of this statute, whenever he, himself, is acting within the course of his employment, as that term is used in the Workmen's Compensation Act.").

The issue before us is whether Profile was "conducting [the] business" of Terra-Mulch. N.C. Gen. Stat. § 97-9. The trial court held plaintiffs had failed to establish a *Woodson* claim and granted summary judgment in favor of Terra-Mulch and Hoffman. Plaintiffs did not cross appeal that judgment and did not assert any error in that ruling.

Profile's liability is not primary but is derivative only of any liability of Terra-Mulch. Since plaintiffs asserted no independent claims against Profile, asserted identical claims against Terra-Mulch and Hoffman, and seeks joint and several recovery against all defendants, Profile's motion for summary judgment should also have been granted if Profile was "conducting [the] business" of Terra-Mulch. *Id.* The trial court should have also granted summary judgment for Profile, placing all of plaintiffs' workers' compensation claims before the Industrial Commission and erred in denying Profile's motion.

### III. Standard of Review

In a motion for summary judgment, the movant has the burden of establishing that there are no genuine issues of material fact. The movant can meet the burden by either: 1) Proving that an essen-

tial element of the opposing party's claim is nonexistent; or 2) Showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim nor [evidence] sufficient to surmount an affirmative defense to his claim.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Hines v. Yates*, 171 N.C. App. 150, 157, 614 S.E.2d 385, 389 (2005) (internal quotations and citations omitted). "On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

### IV.  Limited Liability Company

Our Supreme Court has stated, "We have held that the protection of [the Workers' Compensation Act], against suit by an injured employee, extends to officers of the corporate employer, whose acts are such as to render the corporate employer liable therefor." *Lewis v. Barnhill*, 267 N.C. 457, 467, 148 S.E.2d 536, 544 (1966).

The facts at bar concerns a limited liability company as the chartered entity, rather than a corporation. The principles set forth in *Lewis* equally apply here. Like a corporation, Profile and Terra-Mulch received a charter from the Secretary of State and can act only through its members/managers. *See* N.C. Gen. Stat. § 57C-1-28(c) (2005) ("a certificate of existence or authorization issued by the Secretary of State may be relied upon as conclusive evidence that the domestic or foreign limited liability company is in existence or is authorized to transact business in this State."); *see also* N.C. Gen. Stat. § 57C-2-20(c) (2005) ("all decisions to be made by the organizers at such meetings shall require the approval, consent, agreement, or ratification of a majority of the organizers").

Plaintiffs' third amended complaint alleged:

6. Upon Information and belief, Terra-Mulch is a wholly-owned subsidiary of Profile Products. Upon information and belief, Profile Products controls and directs Terra-Mulch with respect

to operation of the business known as Profile Products in Conover, North Carolina. Upon information and belief, Defendant Profile Products dominates and controls Defendant Terra-Mulch and is the alter ego of Defendant Terra-Mulch.

Plaintiffs concede if Terra-Mulch's acts bind Profile to tort-liability, Profile should be afforded the exclusivity of jurisdiction and the same protection against multiple inconsistent verdicts before the Industrial Commission under the Workers' Compensation Act. Defendants asserted in their answer, "Profile is the sole member of Terra-Mulch and that, as such, it has and exercises control and direction over the business of Terra-Mulch, its subsidiary[.]" Both Profile and Terra-Mulch are chartered as limited liability companies. Plaintiffs and the majority's opinion concede Profile's relationship as sole member-manager of Terra-Mulch.

N.C. Gen. Stat. § 57C-3-23 (2005) entitled "Agency power of managers," provides,

Every manager is an agent of the limited liability company for the purpose of its business, and the act of every manager, including execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company of which he is a manager, *binds the limited liability company.*

(emphasis supplied).

N.C. Gen. Stat. § 57C-1-03(13)(i) (2005) defines, "manager," as, "with respect to a domestic limited liability company, any person designated in, or in accordance with, G.S. 57C-3-20(a)." The Operating Agreement between Profile and Terra-Mulch states, "[t]he right to manage, control and conduct the business and affairs of [Terra-Mulch] shall be vested solely and exclusively in [Profile] . . . ." Undisputed evidence shows Profile is the sole member-manager of Terra-Mulch and has the authority, both by statute and pursuant to its operating agreement, to control and bind its wholly owned subsidiary Terra-Mulch.

As our Supreme Court stated in *Woodson*, North Carolina law protects officers, managers, and directors of corporations from liability to their employees under the Workers' Compensation Act and establishes exclusive jurisdiction for said claims before the Industrial Commission. *Woodson*, 329 N.C. at 347, 407 S.E.2d at 232.

Regarding a limited liability company, "A manager's agency power is similar to that of a corporate officer and a general partner." Russell M. Robinson, Robinson on North Carolina Corporation Law, §34.04[2] fn. 22 (7th ed. 2005). A manager's authority is "equivalent to that of both the directors and the officers of a corporation together." *Id.* at § 34.04. Thus, the manager of a limited liability company has the same powers and plays substantially the same roles to that of a director or officer of a corporation and is entitled to same exclusivity of jurisdiction by the Industrial Commission to resolve plaintiff's claims.

Our Supreme Court has afforded the corporate director or officer protection from liability from workers' compensation claims. *Woodson*, 329 N.C. at 347, 407 S.E.2d at 232. The manager-member of a limited liability company should be accorded the same protection. *See id.*; Russell M. Robinson, Robinson on North Carolina Corporation Law, §34.04[2] fn. 22. Profile is liable to plaintiffs only if Terra-Mulch is liable to plaintiffs. Plaintiffs asserted a substantial right to place all of Plaintiff Lennie Hamby's claims before one tribunal to avoid the risks of inconsistent recoveries.

## V. Conclusion

By granting Terra-Mulch and Hoffman's motions for summary judgment on *Woodson* claims, and remanding plaintiffs' claims to the Industrial Commission, while denying Profile's motion for summary judgment, the trial court erred and subjects Profile to risks of inconsistent verdicts from separate tribunals adjudicating identical claims. Plaintiffs failed to cross-appeal the trial court's order granting summary judgment to Terra-Mulch and Hoffman and placing exclusive jurisdiction for plaintiffs' claims before the Industrial Commission.

As the sole member-manager of Terra-Mulch, Profile could only be found liable to plaintiffs in the superior court under a *Woodson* claim, which plaintiffs acknowledged does not exist. All defendants are protected from a civil action asserting general negligence liability under the exclusivity provisions of N.C. Gen. Stat. § 97-9. A jury could potentially find Profile liable under *Woodson*, even though the trial court dismissed Terra-Mulch, its wholly owned subsidiary and supervisor employee Hoffman from civil liability. The potential for inconsistent verdicts provides Profile the substantial right to immediate review. *Redding*, 170 N.C. App. at 328, 612 S.E.2d at 668. Like its wholly owned subsidiary, Terra-Mulch, Profile, as the sole member-manager is equally entitled to have plaintiffs' claims adjudicated

by the Industrial Commission. The trial court's denial of Profile's motion for summary judgment is error. I vote to reverse and respectfully dissent.