GBASAY ROGERSON, Plaintiff v. HUGH E. FITZPATRICK, ALTON R. TYNDALL, JR., AND LINDA S. BECK, JOINTLY AND SEVERALLY IN THEIR INDIVIDUAL OFFICIAL CAPACITIES AND THE CITY OF DURHAM, Defendants

No. COA04-696

(Filed 17 May 2005)

**1. Appeal and Error— appealability—denial of summary judgment—qualified immunity—substantial right**

   Although an appeal from the denial of a motion for summary judgment is an appeal from an interlocutory order, an order denying police officers the benefit of qualified immunity, as in this case, affects a substantial right and is thus subject to immediate appeal.

**2. Civil Rights— § 1983 violations—qualified immunity**

The trial court did not err in a case alleging 42 U.S.C. § 1983 violations by denying defendant police officers' motion for summary judgment on the basis of qualified immunity, because there are disputed questions of fact concerning the officers' conduct, the role of plaintiff's expired license plate in an officer's decision to pull defendant over, whether plaintiff was placed under arrest, whether there was reasonable suspicion to stop plaintiff's vehicle, and whether the search of the vehicle was incident to arrest.

**3. Appeal and Error— appealability—interlocutory order— discretion of appellate court**

The Court of Appeals declined to address the additional issue in an interlocutory appeal concerning plaintiff's conspiracy claim.

Appeal by defendants from order entered 16 February 2004 by Judge A. Leon Stanback in Durham County in Superior Court. Heard in the Court of Appeals 1 February 2005.

*Irving Joyner and Tracy Barley, for plaintiff-appellee.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr., and Keith D. Burns, for defendant-appellants.*

HUDSON, Judge.

Plaintiff filed this suit against defendants jointly, severally and individually in 1991, asserting a claim pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights by defendants, who were all police officers at the time. In November 2003, defendants filed a motion for summary judgment. Plaintiff filed a cross motion for summary judgment in December 2003. On 16 February 2004, the trial court denied the motions for summary judgment. Defendants appeal. For the reasons below, we affirm.

On 17 February 1990 at approximately 11:30 p.m., plaintiff, an African-American male, was driving his 1984 Porsche sports car to a party; Ms. Ida Page was a passenger. As neither plaintiff nor Ms. Page were familiar with their destination, plaintiff was driving slowly. Officer Fitzpatrick, of the Durham Police Department, observed plaintiff traveling slowly and began following in his marked patrol car. Shortly thereafter, plaintiff made a U-turn and then turned into the entrance to an apartment complex, where Officer Fitzpatrick

pulled him over. Plaintiff's car bore temporary license plates from Wisconsin, where he had purchased the car while on a temporary teaching assignment. However, these plates had expired in November 1989 and when plaintiff returned home to Durham in January 1990, he failed to replace the expired Wisconsin temporary plates or register the car in North Carolina. Officer Fitzpatrick claims that he pulled defendant over because he observed the temporary tag and because of the slow driving, which is consistent with a driver who is under the influence of alcohol.

After he pulled plaintiff over, Officer Fitzpatrick approached plaintiff's car and asked if he had been drinking and to see his license and registration. Plaintiff produced his license, but no registration. At that point, Officer Fitzpatrick directed plaintiff out of the Porsche, searched him, and then placed him in the back seat of his patrol car. Officer Fitzpatrick contends that he arrested plaintiff, but plaintiff contends that he was not arrested and that defendants' affidavits, stating that plaintiff was arrested, conflict with defendants' earlier statements.

Officers Linda Beck and Alton Tyndall arrived at the scene and Officer Beck asked Ms. Page to locate the registration. When Ms. Page could not find the registration, Officer Beck ordered her to exit the car and stand behind it. Officer Beck contends that Page attempted to open the door to the patrol car where plaintiff was seated and that she thus searched Page and directed her to the back seat of Officer Tyndall's car. The three officers then searched plaintiff's car, including checking the Vehicle Identification Number under the hood, looking through the glove compartment, and searching through papers and documents in the car's trunk. The defendants contend that Officer Beck accidentally tripped the trunk latch, which opened the trunk to the hatchback, when she was searching the interior of the car.

According to Officer Fitzpatrick, after his inquiry regarding the vehicle's status revealed that the car was not reported as stolen, but also that it was not registered in North Carolina, he reconsidered his decision to arrest plaintiff and issued citations for displaying an expired license plate and for failure to have current registration and insurance. Plaintiff was convicted of driving with an expired license plate and failure to register the car in Durham County District Court. Plaintiff appealed his convictions to Superior Court, where the District Attorney dismissed the charges.

[1] Defendants argue that the doctrine of qualified immunity bars plaintiff's claims and that the trial court erred in denying their motion for summary judgment. Usually, the trial court's denial of a motion for summary judgment is not immediately appealable, as it is interlocutory. *Rousselo v. Starling*, 128 N.C. App. 439, 443, 495 S.E.2d 735, 728 (1998). However, where a substantial right is affected, an interlocutory order may be immediately appealable. *Id.* In their statement of grounds for appellate review, defendants have correctly pointed out that this Court has held that where an order denies Officers the benefit of qualified immunity, as here, it affects a substantial right and is thus subject to immediate appeal. *Id.*

[2] Plaintiff's claims against the individual defendants are based upon legal theories to which the doctrine of qualified immunity may apply. This protects police officers from liability for money damages unless they are "plainly incompetent" or "knowingly violate the law." *Anderson v. Creighton*, 483 U.S. 635, 638, 97 L. Ed. 2d 523, 530 (1987) (internal citation omitted). More specifically, the doctrine protects public officials unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person in their position would be aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410 (1982). Thus, a police officer is not liable even if he violated a plaintiff's rights, if those rights were not clearly established at the time, or if a reasonable person in the officer's position would have thought his actions were consistent with established law. *Tarantino v. Baker*, 825 F.2d 772, 774 (4th Cir. 1987).

We review *de novo* the order of a superior court order denying a motion for summary judgment. *Falk Integrated Techs., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). "Summary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Stephenson v. Warren*, 136 N.C. App. 768, 771-72, 525 S.E.2d 809, 811-12 (2000).

Defendants argue that whether an officer is entitled to immunity is purely a question of law for the court. In support of this proposition, defendants cite *Pachaly v. City of Lynchburg*, 897 F.2d 723, 726 (4th Cir. 1990), and *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988). While these cases do state that the question of immunity is for the judge and not the jury to decide, they do not preclude factual inquiry. In *Pachaly*, the Court cites the United States Supreme Court decision in *Mitchell v. Forsyth*, for support of the proposition that

when a court looks at qualified immunity, "[a]ll it need determine is a question of law." *Pachaly*, 897 F.2d at 727, *citing Mitchell*, 472 U.S. 511, 528, 86 L. Ed. 2d 411, 426 (1985). In *Mitchell*, though, the Court also says: "[t]o be sure, the resolution of these legal issues will entail consideration of the factual allegations that make up the plaintiff's claim for relief." *Id.* Similarly, in *Jones*, the United States Court of Appeals for the Seventh Circuit relies on another case from that Circuit, *Rakovich v. Wade*, which states: "[a]lthough the qualified immunity determination is a legal question it is not answered in the abstract but in reference to the particular facts of the case." *Jones*, 856 F.2d at 994, *citing Rakovich*, 850 F.2d 1180, 1201-02 (7th Cir. 1988).

Likewise, this Court has concluded that when ruling on the defense of qualified immunity, we must:

(1) identify the specific right allegedly violated; (2) determine whether the right allegedly violated was clearly established at the time of the violation; and (3) if the right was clearly established, determine whether a reasonable person in the officer's position would have known that his actions violated that right. The first two determinations are questions of law. However, the third question is one of fact, and requires a factfinder to resolve disputed aspects of the officer's conduct. *Summary judgment is not appropriate if there are disputed questions of fact concerning the officer's conduct.*

*Rousselo*, 128 N.C. App. at 445, 495 S.E.2d at 729-30 (emphasis added) (internal quotation marks and citations omitted). Here, because we conclude that there are disputed questions of fact concerning the officers' conduct, we hold that summary judgment was not appropriate.

Defendants argue that plaintiff failed to establish that any violations of his Fourth Amendment rights occurred. Defendants contend that the traffic stop was based on reasonable articulable suspicion, that plaintiff was arrested based on probable cause, and that the search of his vehicle was a lawful search incident to arrest. However, our review of the record reveals factual disputes regarding, at the least: (1) the role of plaintiff's expired license plate in Officer Fitzgerald's decision to pull plaintiff over; and, (2) whether plaintiff was placed under arrest. Defendants gave different explanations of the facts regarding these issues in their initial answers to plaintiff's complaint and interrogatories than in their affidavits from 2003. What Officer Fitzgerald noticed about the condition of plaintiff's license

plate (how dirty it was, that it looked expired, etc.) bears upon whether there was reasonable suspicion to stop plaintiff's vehicle. Whether plaintiff was arrested is central to the issue of whether the search of the vehicle was incident to arrest. Accordingly, summary judgment was not appropriate and the trial court did not err in denying defendants' motion for summary judgment. Because this conclusion is dispositive, we need not address further defendants' arguments regarding whether plaintiff's rights were violated and whether any rights which may have been violated were clearly established.

[3] Defendants also request that we review plaintiff's conspiracy claim, even though there is no right to immediate appeal on this issue. Although we may exercise our discretion to address an additional issue in an interlocutory appeal in the interest of judicial economy, *Liggett Group v. Sunas*, 113 N.C. App. 19, 24, 437 S.E.2d 674, 678 (1993), here we decline to do so.

Affirmed.

Judges WYNN and STEELMAN concur.