MURPHY, Judge.
 

 Appellant North Carolina Sustainable Energy Association ("NCSEA") appeals from a ruling from the North Carolina Utilities Commission (the "Commission") that "a topping cycle CHP system does not constitute an energy efficiency measure under [N.C.G.S. §] 62-133.8(a)(4), except to the extent that the ... waste heat component is used and meets the definition of [an] energy efficiency measure in [N.C.G.S. §] 62-133.8(a)(4)." We disagree and hold that, for the purposes of classifying a topping cycle CHP as an energy efficiency measure, N.C.G.S. § 62-133.8(a)(4) (2015) is unambiguous. A plain reading of the statute at issue includes the entire topping cycle CHP system.
 

 I. Background
 

 Combined heat and power ("CHP") systems generate both electricity and useable thermal energy in contrast to conventional power generation in which electricity is purchased from a central power plant, which is less efficient. Conventional power generation based on amount of fuel used to produce electricity and useful thermal energy is 45 % to 50% efficient, while CHP systems are typically 60% to 80% efficient.
 

 Topping cycle CHP systems burn fuel to generate electricity, and then some of the resulting waste heat is recovered and used as thermal energy. As of 7 August 2013, there were 62 topping cycle CHP systems in North Carolina.
 

 On 1 June 2015, NCSEA filed a Request for Declaratory Ruling asking the Commission to issue a declaratory ruling that:
 

 A new topping cycle combined heat and power ... system-including such a system that uses non-renewable energy resources-that both (a) produces electricity or useful, measureable thermal or mechanical energy at a retail electric customer's facility and (b) results in less energy being used to perform the same function or provide the same level of service at the retail electric customer's facility constitutes an "energy efficiency measure" for purposes of [N.C.G.S] § 62-133.9 and Commission Rule R8-67.
 

 *432
 
 It also asked that, "if deemed necessary or helpful," the Commission issue a complementary declaratory ruling that:
 

 It is inconsistent with the clear and unambiguous language of the [N.C.G.S] §§ 62-133.8 and 62-133.9 to recognize
 
 only
 
 the heat recovery component of a new topping cycle CHP system as an "energy efficiency measure."
 

 After hearing comments from NCSEA, Appellees Duke Energy Carolinas, LLC and Duke Energy Progress, LLC (collectively "Duke"), and Appellee Public Staff-North Carolina Utilities Commission (the "Public Staff"), the Commission issued its Order, stating:
 

 1. That a topping cycle CHP system does not constitute an energy efficiency measure under [N.C.G.S. §] 62-133.8(a)(4), except to the extent that the secondary component, the waste heat component is used and meets the definition of energy efficiency measure in [N.C.G.S. §] 62-133.8(a)(4); and
 

 2. That the Commission has jurisdiction under its rulemaking authority to determine and clarify this issue.
 

 NCSEA filed a timely Notice of Appeal and Exceptions.
 

 II. Analysis
 

 A. Standard of Review
 

 The case before us is one of statutory interpretation, and is thus a question of law to be reviewed de novo.
 
 Dare Cty. Bd. of Educ. v. Sakaria
 
 ,
 
 127 N.C.App. 585
 
 , 588,
 
 492 S.E.2d 369
 
 , 371 (1997). Agencies must give effect to the intent of the legislature when "the legislature unambiguously expressed its intent in the statute."
 
 Charlotte-Mecklenburg Hosp. Auth. v. N.C. HHS
 
 ,
 
 201 N.C.App. 70
 
 , 73,
 
 685 S.E.2d 562
 
 , 565 (2009). Courts will not defer to an agency's interpretation when that interpretation is in direct conflict with the clear intent and purpose of the legislature's act.
 
 High Rock Lake Partners, LLC v. N.C. Dept. of Transp.
 
 ,
 
 366 N.C. 315
 
 , 319,
 
 735 S.E.2d 300
 
 , 303 (2012).
 

 Appellees argue that the Commission should receive deference as to the interpretation of N.C.G.S. § 62-133.8(a) because it is a highly technical matter and the law is vague. However, the statute is in fact quite clear in its definition of an energy efficient measure, which includes "energy produced from a combined heat and power
 
 system
 
 ," N.C.G.S. § 62-133.8(a)(4) (emphasis added), and is further defined as "a
 
 system
 
 that uses waste heat to produce electricity or useful, measureable thermal or mechanical energy at a retail customer's facility," N.C.G.S. § 62-133.8(a)(1) (emphasis added).
 

 B. Plain Language
 

 The Commission interpreted the language of N.C.G.S. § 62-133.8(a)(1) and (a)(4) to mean that only the waste heat recovery component of a topping cycle system constitutes an energy efficient measure under the statute, rather than the system as a whole. In doing so, the Commission was in error as it went against the plain language of the statute.
 

 N.C.G.S. § 62-133.8(a)(1) defines a "combined heat and power system" as "a
 
 system
 
 that uses waste heat to produce electricity or useful, measureable thermal or mechanical energy at a retail electric customer's facility." (Emphasis added). N.C.G.S. § 62-133.8(a)(4) then defines an "energy efficient measure" as "an equipment, physical or program change implemented after January 1, 2007 that results in less energy used to perform the same function." An "energy efficient measure" includes "energy produced from a combined heat and power
 
 system
 
 that uses nonrenewable energy resources". N.C.G.S. § 62-133.8(a)(4) (emphasis added)
 

 A statute that is clear and unambiguous must be given its "plain and definite meaning."
 
 In re Banks
 
 ,
 
 295 N.C. 236
 
 , 239,
 
 244 S.E.2d 386
 
 , 388-89 (1978) (citing
 
 State v. Camp
 
 ,
 
 286 N.C. 148
 
 , 152,
 
 209 S.E.2d 754
 
 , 756 (1974) );
 
 see also
 

 State ex rel. Utils Comm'n v. Env't Def. Fund
 
 ,
 
 214 N.C.App. 364
 
 , 366,
 
 716 S.E.2d 370
 
 , 372 (2011). The statutory language of N.C.G.S. § 62-133.8(a)(1) is clear and unambiguous. A plain reading of the statute shows that it is the CHP system as a whole that is the energy efficient measure. An energy efficient measure includes not only the waste heat recovery part of a CHP system, but rather the system in its entirety.
 

 *433
 
 The Commission, however, found that "for the purposes of being deemed an energy efficient measure, the electricity or useful, measurable thermal or mechanical energy must be produced from waste heat." This limitation cannot be found anywhere in N.C.G.S. § 62-133.8.
 

 The Commission's argument ignores the fact that the legislature plainly states that an " 'Energy efficiency measure' includes, but is not limited to, energy produced from a combined heat and power system that uses nonrenewable energy resources." N.C.G.S. § 62-133.8(a)(4). It is a CHP system that is noted by the law, not just the waste heat component of the system. If the legislature had intended only for the waste heat component of a CHP system to qualify as an energy efficiency measure, it was within the power of the legislature to write N.C.G.S. § 62-133.8(a)(4) in that way, but that is not the law as written by our General Assembly.
 

 Furthermore, this Court cannot "delete words used or insert words not used" in a statute.
 
 Lunsford v. Mills
 
 ,
 
 367 N.C. 618
 
 , 623,
 
 766 S.E.2d 297
 
 , 301 (2014). By interpreting "energy efficient measure" to include only the waste heat component of a topping cycle CHP system instead of the system as a whole, the language of N.C.G.S. § 62-133.8(a)(4) is rendered unnecessary and creates surplusage.
 

 III. Conclusion
 

 The Commission has misread the plain language of N.C.G.S. § 62-133.8 and has found an ambiguity where none exists. N.C.G.S. § 62-133.8 governs the treatment of CHP systems, and not just their individual components, as energy efficient measures. Accordingly, we reverse the decision of the Commission.
 

 REVERSED.
 

 Judges CALABRIA and DIETZ concur.