IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-1077

 Filed: 3 November 2020

Iredell County No. 17 CVS 1631

MASON MITCHELL d/b/a MASON MITCHELL MOTORSPORTS, and MASON
MITCHELL MOTORSPORTS, INC., Plaintiffs,

 v.

SCOTT BOSWELL, Defendant.

 Appeal by Plaintiffs from Order entered 9 September 2019 by Judge Jesse B.

Caldwell, III in Iredell County Superior Court. Heard in the Court of Appeals 14

April 2020.

 Hartsell & Williams, P.A., by Andrew T. Cornelius, Austin “Dutch” Entwistle,
 III, and E. Garrison White, for plaintiffs-appellees.

 Stam Law Firm, PLLC, by R. Daniel Gibson, for defendant-appellant.

 MURPHY, Judge.

 Motions to enforce settlement agreements are treated like motions for

summary judgment and should be granted only when there are no genuine issues of

material fact and the movant is entitled to relief as a matter of law. The statute of

frauds may preclude such relief as a matter of law. Where a statute’s terms are

unambiguous, we consider their plain meaning. Here, the applicable statute of frauds

by its plain terms requires the parties, not their attorneys, to sign a mediated

settlement agreement. The failure of the parties to sign the mediated settlement
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

agreement renders it unenforceable as a matter of law. The motion to enforce the

mediated settlement agreement should have been denied. We reverse.

 BACKGROUND

 Defendant, Scott Boswell (“Boswell”), and Plaintiffs, Mason Mitchell

(“Mitchell”) and Mason Mitchell Motorsports, Inc., were ordered by the Superior

Court to participate in a mediated settlement conference, which took place on 29 April

2019. At the mediated settlement conference, the parties created a memorandum

that seemingly described the terms under which the parties would settle the case

(“memorandum of settlement”). Both parties were out of state at the time of the

mediation, so the mediation was conducted with the attorneys and mediator present

while the parties were available by telephone. The parties did not sign the

memorandum of settlement themselves; however, the attorneys purportedly signed

on the parties’ behalf. The memorandum of settlement is shown in relevant part

below:

 -2-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

 Following the creation of the memorandum of settlement, Boswell’s attorney

drafted a proposed settlement agreement pursuant to the terms of the memorandum

of settlement and sent it to Mitchell’s attorney. This document was eventually signed

 -3-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

by Mitchell; however, Boswell did not sign the settlement agreement. In a letter via

email, Mitchell demanded Boswell execute the settlement agreement as Mitchell

contended the parties had agreed to do in the memorandum of settlement. When this

did not occur, Mitchell filed a motion to enforce the memorandum of settlement.

 After the filing of this motion, competing affidavits from the mediator and

Boswell were filed. The affidavit from the mediator stated in relevant part:

 Both parties were present via telephone conference
 because both parties reside out of state. . . . [T]he
 mediation resulted in a settlement that resolved all issues
 memorialized by a memorandum of settlement signed by
 myself, [and the parties’ attorneys on behalf of their
 clients]. . . . That I was present when [Boswell] authorized
 [his counsel] to sign the memorandum of judgment on his
 behalf due to his lack of physical presence.

Boswell’s affidavit stated in relevant part:

 I did not review any settlement documentation requiring
 my signature or my attorney’s signature as part of the 29
 April 2019 mediation. . . . I did not sign or authorize
 anyone to sign on my behalf any settlement documentation
 as part of the 29 April 2019 mediation. . . . I was not aware
 of any settlement documentation signed as part of the 29
 April 2019 mediation until 4 June 2019. On 4 June 2019,
 I reviewed a letter from [Mitchell’s] counsel to [my
 attorney] dated 3 June 2019 which attached a document
 that [my attorney] purportedly signed on my behalf. . . .
 [My attorney at the time] did not and does not have my
 authorization to sign the document attached to the 3 June
 2019 letter.

 At the hearing on this motion, Boswell contended the motion to enforce the

memorandum of settlement should be denied, in part due to the failure to satisfy the

 -4-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

statute of frauds.1 The trial court granted Mitchell’s motion to enforce the

memorandum of settlement and found the “Memorandum of Settlement is a binding

contract between the parties which contains the material terms of that agreement,

and that counsel for the parties had the authority at mediation to execute the

Memorandum of Settlement on behalf of the parties.” Boswell timely appeals the

trial court’s order enforcing the memorandum of settlement.

 ANALYSIS

 A motion to enforce a memorandum of settlement is treated as a motion for

summary judgment. Hardin v. KCS Int’l, Inc., 199 N.C. App. 687, 695, 682 S.E.2d

726, 733 (2009). “The standard of review for summary judgment is de novo.” Forbis

v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).

 On appeal of a trial court’s allowance of a motion for
 summary judgment, we consider whether, on the basis of
 materials supplied to the trial court, there was a genuine
 issue of material fact and whether the moving party is
 entitled to judgment as a matter of law. Evidence
 presented by the parties is viewed in the light most
 favorable to the non-movant.’

Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (quoting Dobson v.

Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). Our General Assembly

 1 Although no transcript was filed in the Record, during oral argument Mitchell conceded this
argument was presented below. See State v. Williams, 247 N.C. App. 239, 244 n.3, 784 S.E.2d 232,
235 n.3 (2016) (citing State v. Stroud, 147 N.C. App. 549, 564, 557 S.E.2d 544, 553 (2001)). Thus, this
argument is preserved for our review. N.C. R. App. P. 10(a)(1) (“In order to preserve an issue for
appellate review, a party must have presented to the trial court a timely request, objection, or motion,
stating the specific grounds for the ruling the party desired the court to make if the specific grounds
were not apparent from the context.”).

 -5-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

determines which contracts must be in writing and by whom they must be signed in

order to be enforceable.

 Whether Mitchell was entitled to enforcement of the memorandum of

settlement as a matter of law turns on whether Boswell’s failure to sign the

memorandum of settlement made it unenforceable against him under the statute of

frauds.2 The controlling statute of frauds for settlement agreements resulting from

mediated settlement conferences is N.C.G.S. § 7A-38.1(l). N.C.G.S. § 7A-38.1(l)

provides:

 No settlement agreement to resolve any or all issues
 reached at the proceeding conducted under this subsection
 or during its recesses shall be enforceable unless it has
 been reduced to writing and signed by the parties against
 whom enforcement is sought.

N.C.G.S. § 7A-38.1(l) (2019). The order that required the parties to complete a

mediated settlement conference was based on N.C.G.S. § 7A-38.1, as it explicitly cited

this statute. See N.C.G.S. § 7A-38.1(a) (2019) (“this section is enacted to require

parties to [S]uperior [C]ourt civil actions and their representatives to attend a

pretrial, mediated settlement conference conducted pursuant to this section and

 2 Boswell argues genuine issues of material fact existed due to conflicting affidavits and
ambiguous language regarding the parties’ intent in the memorandum of settlement, and argues the
memorandum of settlement is an agreement to agree, not a settlement agreement, that is
unenforceable as a matter of law. We do not address these arguments and express no opinion as to
them because the statute of frauds issue is determinative of this appeal. See Rogerson v. Fitzpatrick,
170 N.C. App. 387, 392, 612 S.E.2d 390, 393 (2005).

 -6-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

pursuant to rules of the Supreme Court adopted to implement this section”). Thus,

N.C.G.S. § 7A-38.1(l) is controlling here. Furthermore, the memorandum of

settlement is such a settlement agreement subject to N.C.G.S. § 7A-38.1(l). By its

terms, the memorandum of settlement is an agreement3 “to dismiss all claims with

prejudice,” resolving the case, which the trial court enforced against Boswell.

 Mitchell contends N.C.G.S. § 7A-38.1(l) should be read to “allow[] for

authorized persons to enter into settlement agreements on behalf of a non-attending

party at [a mediated settlement conference].” Mitchell relies on Mediated Settlement

Conference Rule 4(A)(2)(a), which at the time permitted a party to participate without

physical attendance, in conjunction with the lack of “a procedure for how a non-

attending party . . . is to sign the agreement which has been reduced to writing in the

event that a settlement is reached.” See Revised Rules Implementing Statewide

Mediated Settlement Conferences and Other Settlement Procedures in Superior

Court Civil Actions, 367 N.C. 1020 (2014).

 We disagree. As Mitchell acknowledges, the meaning of N.C.G.S. § 7A-38.1(l)

is an issue of statutory interpretation. In addressing these questions, our Supreme

Court has stated:

 3 We note that we are assuming, without deciding, the memorandum of settlement is an
agreement. As alluded to, Boswell contends it was not an agreement; however, it makes no difference
to the outcome here. If the memorandum of settlement was not an agreement, then it was not
enforceable against Boswell. If the memorandum of settlement was an agreement, then the statute of
frauds prevents it from being enforceable against Boswell.

 -7-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

 Questions of statutory interpretation are ultimately
 questions of law for the courts and are reviewed de novo.
 The principal goal of statutory construction is to
 accomplish the legislative intent. The best indicia of that
 intent are the language of the statute, the spirit of the act
 and what the act seeks to accomplish. The process of
 construing a statutory provision must begin with an
 examination of the relevant statutory language. It is well
 settled that where the language of a statute is clear and
 unambiguous, there is no room for judicial construction
 and the courts must construe the statute using its plain
 meaning. In other words, if the statutory language is clear
 and unambiguous, the court eschews statutory
 construction in favor of giving the words their plain and
 definite meaning.

Wilkie v. City of Boiling Spring Lakes, 370 N.C. 540, 547, 809 S.E.2d 853, 858 (2018)

(internal quotations marks, alterations, and citations omitted). “An unambiguous

word has a ‘definite and well known sense in the law.’” Fid. Bank v. N.C. Dep't of

Revenue, 370 N.C. 10, 19, 803 S.E.2d 142, 148-149 (2017) (quoting C.T.H. Corp. v.

Maxwell, 212 N.C. 803, 810, 195 S.E. 36, 40 (1938)). “[L]anguage in a statute is

unambiguous when it ‘express[es] a single, definite and sensible meaning[.]’” Id. at

19, 803 S.E.2d at 149 (quoting State Highway Comm'n v. Hemphill, 269 N.C. 535,

539, 153 S.E.2d 22, 26 (1967)). “In the absence of a contextual definition, courts may

look to dictionaries to determine the ordinary meaning of words within a statute.”

Dickson v. Rucho, 366 N.C. 332, 342, 737 S.E.2d 362, 370 (2013) (quoting Perkins v.

Ark. Trucking Servs., Inc., 351 N.C. 634, 638, 528 S.E.2d 902, 904 (2000)).

 -8-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

 Here, the language at issue is “signed by the parties against whom enforcement

is sought.” N.C.G.S. § 7A-38.1(l) (emphasis added). There is no definition of “party”

within the statute. Black’s Law Dictionary defines a “party” as:

 1. Someone who takes part in a transaction <a party to the
 contract>. . . .

 2. One by or against whom a lawsuit is brought; anyone
 who both is directly interested in a lawsuit and has a right
 to control the proceedings, make a defense, or appeal from
 an adverse judgment; LITIGANT <a party to the lawsuit>.
 • For purposes of res judicata, a party to a lawsuit is a
 person who has been named as a party and has a right to
 control the lawsuit either personally, or, if not fully
 competent, through someone appointed to protect the
 person’s interests. In law, all nonparties are known as
 “strangers” to the lawsuit.

Party, Black’s Law Dictionary (11th ed. 2019). In the full definition, there is no

reference to “party” including an attorney. Thus, according to its “definite and well

known sense in the law,” “party” does not include an attorney. Fid. Bank, 370 N.C.

at 19, 803 S.E.2d at 148-149. “Furthermore, this Court cannot ‘delete words used or

insert words not used’ in a statute.” State ex rel. Util. Comm’n v. N.C. Sustainable

Energy Ass’n, 254 N.C. App. 761, 764, 803 S.E.2d 430, 433 (2017) (quoting Lunsford

v. Mills, 367 N.C. 618, 623, 766 S.E.2d 297, 301 (2014)). If we were to read “the

parties” in N.C.G.S. § 7A-38.1(l) to include the parties’ attorneys, then we would be

inserting language into the statute in contravention of this principle.

 The language in N.C.G.S. § 7A-38.1(l) requires the people “who take[] part in

a transaction,” or the “[o]ne by or against whom a lawsuit is brought” to sign any

 -9-
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

settlement agreement reached as the result of a mediated settlement conference in

order for it to be enforced against them under N.C.G.S. § 7A-38.1. See Party, Black’s

Law Dictionary (11th ed. 2019). Here, Boswell was the party against whom

enforcement was sought, not his attorney. The failure of Boswell to sign the

memorandum of settlement renders it unenforceable against him as a matter of law.4

N.C.G.S. § 7A-38.1(l) (2019). As a result, the trial court erred in granting the motion

to enforce the memorandum of settlement.5

 Even assuming, arguendo, N.C.G.S. § 7A-38.1(l) was ambiguous, requiring

statutory interpretation, we would still come to the same result—that N.C.G.S. § 7A-

38.1(l) does not permit authorized agents to sign on behalf of a party. In adopting the

language of N.C.G.S. § 7A-38.1(l), the General Assembly unambiguously omitted the

authority to sign by authorized agent as it has included in other statute of frauds

contexts. See N.C.G.S. § 22-1 (2019) (“signed by the party charged therewith or some

other person thereunto by him lawfully authorized”); N.C.G.S. § 22-2 (2019) (“signed

by the party to be charged therewith, or by some other person by him thereto lawfully

authorized”); N.C.G.S. § 25-2-201(1) (2019) (“signed by the party against whom

 4 We recognize the increased use of virtual and telephonic attendance at settlement
conferences. Without deciding the issue today, we observe the current availability of the provisions of
the Uniform Electronic Transactions Act. N.C.G.S. § 66-311 et seq.
 5 We have held “[t]he statute of frauds was designed to guard against fraudulent claims

supported by perjured testimony; it was not meant to be used by defendants to evade an obligation
based on a contract fairly and admittedly made.” House v. Stokes, 66 N.C. App. 636, 641, 311 S.E.2d
671, 675 (1984). Such a holding does not apply here, where Boswell has not admitted entering into
the memorandum of settlement below or on appeal, and instead contends he did not enter into the
contract.

 - 10 -
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

enforcement is sought or by his authorized agent or broker”). “[I]t is always presumed

that the [General Assembly] acted with full knowledge of prior and existing law.” See

Dickson, 366 N.C. at 341, 737 S.E.2d at 369, (quoting Ridge Cmty. Investors, Inc. v.

Berry, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977)). We presume the General

Assembly was fully aware of the inclusion of authorized agents in other statutes of

frauds, and the absence of authorized agents in this statute therefore reflects the

General Assembly’s decision to specifically require the parties’ signatures to satisfy

N.C.G.S. § 7A-38.1(l). This interpretation is also supported by the separate treatment

of parties and attorneys in other subsections of N.C.G.S. § 7A-38.1. See N.C.G.S. §§

7A-38.1(b)(1) (2019) (“the parties to a civil action and their representatives”); 7A-

38.1(f) (“The parties to a [S]uperior [C]ourt civil action in which a mediated

settlement conference is ordered, their attorneys and other persons or entities with

authority”). The references to non-parties with authority to sign and bind a party,

both within N.C.G.S. § 7A-38.1 and outside of it, demonstrate the intentional decision

on the part of the General Assembly to require the signature of the parties themselves

to satisfy the statute of frauds. Id. at 342, 737 S.E.2d at 370 (“This definition suggests

that the General Assembly’s use of the word “provision” was meant to refer only to

other statutory clauses and not to common law doctrines such as the attorney-client

privilege and work-product doctrine. . . . This interpretation is bolstered by the fact

 - 11 -
 MITCHELL, ET AL. V. BOSWELL

 Opinion of the Court

that the General Assembly repeatedly has demonstrated that it knows how to be

explicit when it intends to repeal or amend the common law.”).

 CONCLUSION

 The trial court erroneously granted Mitchell’s motion to enforce the

memorandum of settlement when the memorandum of settlement did not satisfy the

statute of frauds promulgated by our General Assembly in N.C.G.S. § 7A-38.1(l).

Mitchell was not entitled to enforcement of the settlement agreement as a matter of

law and we reverse the trial court’s order to the contrary.

 REVERSED.

 Chief Judge MCGEE and Judge BROOK concur.

 - 12 -